*In re* FERNANDO M. MACHADO ECHEVARRÍA, querellado.

*Número:* AB-2013-0373    *Resuelto:* 10 de marzo de 2015

*Israel Negrón Torres*, querellante.

PER CURIAM: En innumerables ocasiones este Tribunal se ha visto obligado a suspender a miembros de la profesión togada por incumplir con las disposiciones de nuestro Reglamento referentes a los procedimientos disciplinarios, así como con las órdenes emitidas por este Foro. El presente caso es una de esas situaciones. Por los fundamentos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Fernando M. Machado Echevarría de la práctica de la abogacía y la notaría.

## I

El Lcdo. Fernando M. Machado Echevarría (licenciado Machado) fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y al ejercicio de la notaría el 16 de noviembre de 1994. El 27 de agosto de 2013, el Sr. Israel Negrón Torres (señor Negrón) presentó una queja ante nos contra el licenciado Machado. En su escrito expuso que contrató al licenciado Machado para que lo representara en una recla-

mación de daños y perjuicios, pero que este incumplió con varios trámites y le causó daños ascendentes a $160,000.

El quejoso adujo, entre otras cosas, que el licenciado Machado había sometido la referida reclamación ante el Tribunal de Primera Instancia, pero que el tribunal la desestimó por los reiterados incumplimientos del licenciado con las órdenes del tribunal. Alegó que el licenciado no lo mantenía informado sobre los incidentes procesales y que tampoco le notificó sobre el resultado del caso. Surge del expediente que el foro de primera instancia no solo desestimó el caso, sino que también le impuso al letrado una sanción económica. El licenciado Machado ni pagó la sanción ni atendió la orden del Tribunal.

Así las cosas, el señor Negrón instó una demanda contra el licenciado Machado en la que, luego de llegar a un acuerdo de transacción, el Tribunal de Primera Instancia dictó Sentencia por Estipulación entre las partes. En la referida estipulación el letrado se obligó a resarcir $75,000 mediante pagos parciales.

El 10 de octubre de 2013 la Subsecretaria de este Tribunal notificó la queja al licenciado Machado mediante correo postal con acuse. Por medio de esta notificación concedimos al licenciado Machado un término de diez días para contestar la queja presentada en su contra. No obstante, la misma fue devuelta por el correo postal por la razón siguiente: "unclaimed". El 5 de noviembre de 2013 se le envió una *segunda notificación* certificada con acuse por correo postal mediante la cual se le concendió un término de diez días a partir de su notificación para comparecer con sus comentarios y reacciones por escrito en torno a la queja. El letrado no contestó la queja y tampoco compareció en el tiempo provisto.

Posteriormente, el 19 de marzo de 2014 emitimos una Resolución mediante la cual concedimos al licenciado Machado un término *final* de cinco días para que compareciera ante este Tribunal y contestara la queja presentada

en su contra. En dicha Resolución se le apercibió que su incumplimiento podría conllevar sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión. El Alguacil de este Tribunal *notificó personalmente dicha resolución* al licenciado Machado Echevarría junto con una copia de la queja presentada. Aún hoy, el licenciado Machado no ha comparecido ni ha contestado la queja presentada en su contra.

## II

Los cánones del Código de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. *In re Colón Hernández*, 189 DPR 275, 283 (2013); *In re Peña, Santiago*, 185 DPR 764, 778 (2012). Específicamente, el Canon 9 dispone que el abogado tiene para con los tribunales el deber de observar una conducta que se caracterice por el mayor respeto. 4 LPRA Ap. IX.

En innumerables ocasiones hemos señalado que el ejercicio de la profesión legal requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Ponce Ponce*, 190 DPR 504, 508 (2014); *In re Cuevas Borrero*, 185 DPR 189, 196 (2012); *In re Vellón Reyes*, 181 DPR 927, 932 (2011).

Además, hemos resuelto que incumplir con lo ordenado por este Foro y demostrar indiferencia ante nuestros apercibimientos es razón suficiente para suspender a un abogado del ejercicio de la profesión jurídica. *In re Aponte Del Valle*, 189 DPR 245, 249 (2013). En reiteradas ocasiones, a pesar de que esta Curia ha advertido sobre este hecho, constantemente nos vemos precisados a dirimir situaciones en las que un gran número de abogados desatienden nuestras órdenes. *In re Vega Pacheco*, 188 DPR 731, 736 (2013), citando a *In re Arroyo Rivera*, 182 DPR 732, 736 (2011).

■ Así, la obligación de contestar con premura y diligencia cobra mayor importancia cuando las órdenes del Tribunal se relacionan con los procedimientos sobre conducta profesional de los abogados. *In re Marrero García*, 187 DPR 578, 581 (2012); *In re Betancourt Medina*, 183 DPR 821, 824 (2011). Es obligación ineludible de todo miembro de la profesión legal responder de forma diligente a los requerimientos del Tribunal, independientemente de los méritos de la queja presentada en su contra. *In re Marrero García*, supra, pág. 581.

■ Hemos enfatizado la importancia que reviste el que los abogados y abogadas de Puerto Rico cumplan con el procedimiento provisto para los procesos disciplinarios que se ventilen en su contra. *In re Vega Pacheco*, supra, pág. 737. Una queja o querella es una alegación que señala que cierta conducta del abogado milita en contra de los postulados éticos que rigen esta profesión. Íd., pág. 737. Independientemente de los méritos que tenga o no tenga esa alegación, los abogados y las abogadas contra quienes se presente una queja *tienen la obligación indefectible de comparecer a contestarla*. Íd. Desatender ese trámite procesal revela un alto menosprecio a la razón misma de la profesión de la abogacía y al propio Tribunal Supremo, como ente regulador de la profesión jurídica. Íd.

### III

En el presente caso, el licenciado Machado ha exhibido una actitud de desprecio e indiferencia hacia los procesos disciplinarios y ha desatendido nuestras órdenes. Tal dejadez equivale a una conducta de falta de respeto al Tribunal. La actitud demostrada se agrava ante el hecho de que el licenciado Machado no contestó la queja después de haber recibido copia de nuestros dictámenes *personalmente*.

La Regla 14 del Reglamento del Tribunal Supremo de Puerto Rico establece claramente el procedimiento que se

debe seguir cuando se presentan quejas y querellas contra miembros de la abogacía y notaría. 4 LPRA Ap. XXI-B. Allí se establece que una vez se presente al Tribunal una queja respecto al comportamiento de un abogado o una abogada, el Secretario o Secretaria del Tribunal le enviará una copia al abogado o a la abogada para que presente su posición en cuanto a esta dentro de diez días. En el presente caso, ha transcurrido un año aproximadamente sin que el licenciado Machado haya presentado la más mínima causa que justifique su incomparecencia.

Reiteramos que este Tribunal no vacilará en suspender del ejercicio de la profesión a miembros de la abogacía que así actúen. *In re Vega Pacheco*, supra, págs. 737–738. Los abogados y las abogadas son el espejo donde se refleja la imagen de la profesión. Por esta razón, deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. *In re García Vega*, 189 DPR 741, 757 (2013).

IV

Por los fundamentos que anteceden, *concluimos que el licenciado Machado Echevarría infringió el Canon 9 del Código de Ética Profesional*, supra. *En consecuencia, lo suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.*

En vista de lo anterior, *le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión "per curiam" y Sentencia.*

*Se dictará Sentencia de conformidad.*