*In re* HÉCTOR MARTÍ RODRÍGUEZ, querellado.

*Número:* CP-2012-15          *Resuelto:* 4 de enero de 2016

*Tatiana M. Grajales Torruella, Karla Z. Pacheco Alvarado,* subprocuradoras generales, y *Yaizamarie Lugo Fontánez,* procuradora general auxiliar; *Yaizamarie Lugo Fontánez,* procuradora general auxiliar, y *Adalberto Núñez López,* abogado del querellado, en informe conjunto de las partes; *Mercedes M. Bauermeister,* comisionada especial.

PER CURIAM: Hoy ejercemos nuestra facultad disciplinaria ante la violación de los Cánones 20 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX, y de la prohibición estatutaria dispuesta en la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, 32 LPRA sec. 3114 *et seq.* Esto, pues, a pesar de la prohibición impuesta en la Ley Núm. 402, *supra,* y de nuestras expresiones al respecto, un miembro de la profesión legal pactó con el cliente honorarios contingentes, le requirió el adelanto de los mismos a pesar de conocer la naturaleza laboral de su reclamación y no los reembolsó cuando le fue solicitado.

# I

El Lcdo. Héctor Martí Rodríguez (licenciado Martí Rodríguez) fue admitido al ejercicio de la abogacía el 16 de febrero de 2005 y prestó juramento como notario el 2 de agosto de ese mismo año.

El 25 de junio de 2012, la Oficina del Procurador General presentó una Querella en su contra por violaciones a los Cánones 20, 23 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX.([1]) Esto a raíz de una Queja instada por la Sra. Irma I. Pietri González (la Querellante) en la que alegaba que el letrado se negaba a devolverle la suma de cuatro mil quinientos dólares ($4,500) en concepto de "retainer fee" por representarla en un caso laboral de hostigamiento sexual.

Luego de los procedimientos de rigor, que incluyeron la celebración de una vista evidenciaria presidida por la Comisionada Especial, Hon. Mercedes M. Bauermeister, estamos en posición de resolver. Procedemos a relatar los acontecimientos que motivaron la presentación de la Queja, según surgen del Informe Conjunto presentado por las partes, del Informe de la Comisionada Especial y del expediente sobre la gestión profesional del licenciado Martí Rodríguez.

El 13 de julio de 2012, la Querellante suscribió un Contrato de Servicios Profesionales con el licenciado Martí Ro-

---

([1]) *"PRIMER CARGO:* El licenciado Martí Rodríguez incurrió en conducta constitutiva de violación al *Canon 20 y 23 de Ética [Profesional]*, 4 LPRA Ap. IX, al retener la cantidad de $4,500[,] entregada como "retainer fee" en un contrato por contingencia en un caso de *Violación a Derechos Civiles por Hostigamiento Sexual Laboral*[,] cuando la única gestión realizada a favor de la Querellante fue asistirla en una reclamación *laboral* ante la Unidad Antidiscrimen del Departamento del Trabajo[,] y no se justifican gastos o costas de litigio por dicha cantidad. En consideración que la relación abogado[-]cliente es de naturaleza fiduciaria, que debe estar fundamentada en la honradez absoluta, y que las normas éticas que rigen la profesión de abogado en esta jurisdicció[n a]sí lo requieren, el abogado debió devolverle a la Querellante inmediatamente el dinero recibido que no fuera utilizado para gastos o costas del litigio, una vez renunció al caso.

*"SEGUNDO CARGO:* El licenciado Martí Rodríguez infringió el *Canon 38 de Ética Profesional*, 4 LPRA Ap. IX, que preceptúa que el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". (Énfasis en el original). Querella, pág. 3.

dríguez para un asunto descrito como Violación a Derechos Civiles—Hostigamiento Sexual Laboral. En este contrato, la Querellante se comprometió a pagar el treinta y tres (33) por ciento de lo que obtuviera por Sentencia, los gatos del procedimiento y un anticipo de honorarios de cinco mil dólares ($5,000), de los cuales satisfizo cuatro mil quinientos dólares ($4,500).

El 11 de octubre de 2013, mediante un informe conjunto, las partes estipularon los hechos siguientes:

1. La Sra. Irma Pietri González (también "Querellante") firmó un acuerdo por servicios profesionales con el Lcdo. H[é]ctor Mart[í] Rodr[í]guez (también "Querellado") con fecha del 13 de julio de 2010.

2. Los honorarios contratados según la cláusula 6 del Contrato fue el 33% de la sentencia.

3. Por virtud del contrato la Querellante se comprometió a pagar $5,000.00 como "Retainer Fee" y pagar los gastos que genere el procedimiento mensualmente.([2])

4. El contrato de servicios profesionales dispone en su cláusula 4 el deber de la Querellante de relatar los hechos de forma completa y real, de cooperar con el abogado.

5. La señora Pietri González le hizo entrega al licenciado Mart[í] Rodríguez [de] $4,500.00 en concepto de "retainer fee".

6. Mientras el caso se dilucidaba en la Unidad Antidiscrimen, la Querellante envía un facsímil al Lcdo. Mart[í] fechado *8 de marzo de 2011*, que fue martes, en el que le pide al abogado la renuncia y la devolución de los $4,500.00 que había depositado como "Retainer Fee" y la devolución del expediente. Indica que va a buscar el dinero en un plazo de dos días después de la comunicación, 10 de marzo de 2011.

7. La clienta envía una nueva carta el *17 de marzo de 2011*.

8. El Lcdo. Mart[í] le envía una carta el 5 de abril de 2011 en la cual le explica que a más tardar el 30 de abril le enviaría un análisis de las horas trabajadas, pues consideró que no era

([2]) Expresa la cláusula 6 del Contrato lo siguiente: "HONORARIOS—Los honorarios a cobrar serán los siguientes: *Cinco mil dólares ($5,000.00) de 'Retainer Fee', los cuales serán pagados según lo especifica el Anejo A de este contrato y en adición se facturar[á]n los gastos que genere el procedimiento mensualmente. Se cobrarán como Honorarios el 33% de lo obtenido por la Sentencia, los cuales serán pagaderos inmediatamente luego de recibida la misma".* (Énfasis en original). Anejo A de la Contestación a la Querella, pág. 1.

correcta la aseveración de la clienta que no se había realizado trabajo alguno.(³) (Énfasis nuestro). Informe conjunto de las partes, pág. 1.

Es importante señalar que el 10 de marzo de 2011, el licenciado Martí Rodríguez le devolvió el expediente a la querellante, más no así la suma de dinero solicitada. Sostuvo la Procuradora General, entre otras cosas, que las gestiones realizadas por el letrado a favor de la Querellante fueron de índole laboral, por lo que no podía cobrar honorarios por las mismas y que estaba obligado a devolverle cualquier cantidad retenida que no se justificara como costas y gastos del litigio. Indicó que la conducta del licenciado Martí Rodríguez constituyó violaciones a los Cánones 20, 23 y 38 del Código de Ética Profesional, *supra.*

Por su parte, el licenciado Martí Rodríguez rechazó las expresiones de la Procuradora General. En su contestación sostuvo que podía facturar por ciertos asuntos relacionados a la reclamación de la Querellante, puesto que no se trataban de un caso laboral. Añadió que por ello aplicaba la máxima legal *quantum meruit* del Artículo 1473 del Código Civil, 31 LPRA sec. 4111.

El 8 de mayo de 2015, la Comisionada Especial emitió su Informe. Concluyó que el licenciado Martí Rodríguez no debió pactar honorarios de abogado contingentes ni requerir adelanto de los mismos al conocer la naturaleza laboral de la reclamación de la Querellante. Por lo tanto, determinó que el licenciado Martí Rodríguez violó la Ley Núm. 402, *supra,* y debía responder conforme dispone el Artículo 4 del estatuto. Por consiguiente, sostuvo que tampoco le

---

(³) La Comisionada Especial determinó que la Querellante no proveyó al letrado toda la información que conocía para que este determinara la acción legal, si alguna, que tenía disponible. La Querellante omitió informarle los resultados de querellas previas contra su patrono, por lo que al enterarse, el licenciado Martí Rodríguez concluyó que no existía causa de acción porque ya estaban prescritas. El letrado indicó que el 21 de diciembre de 2010 radicó la querella ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos.

estaba permitido reclamar honorarios conforme el Artículo 1473 del Código Civil, *supra*. La Comisionada Especial también concluyó que el letrado violó el Canon 20 del Código de Ética Profesional, *supra*, al rehusarse a devolver de inmediato la cantidad recibida indebidamente como anticipo y posponer el cumplimento de rendir cuenta del tiempo trabajado hasta después de presentada la Querella. No obstante, no encontró violación a los citados Cánones 23 y 38.[4]

El 2 de junio de 2015, la Oficina de la Procuradora General compareció ante nos mediante Reacción al Informe de la Comisionada Especial, en la que reiteró su posición de que el licenciado Martí Rodríguez infringió el deber fiduciario contemplado en el Canon 23 del Código de Ética Profesional, así como en el Canon 38, *supra*.

Así las cosas, el licenciado Martí Rodríguez nos informó el 12 de agosto de 2015 que se allanaba a las determinaciones y recomendaciones que hizo la Comisionada Especial. Solicitó disculpas a la Querellante y a este Tribunal por su interpretación errónea de lo que podía facturar en un caso laboral en concepto de honorarios de abogado. Asimismo, indicó que se encontraba realizando gestiones para comunicarse con la Querellante y coordinar la entrega de la mitad del dinero que debía devolver. En cuanto a la cantidad restante, solicitó un término de ciento veinte (120) días para pagarla.

El 18 de septiembre de 2015, el licenciado Martí Rodríguez nuevamente compareció ante nos. Esta vez nos informó mediante Moción Informativa sobre Comunicaciones a la Parte Querellada sobre las cartas enviadas y las ges-

[4] Con relación a la imputación de violación al Canon 23 del Código de Ética Profesional, 4 LPRA Ap. IX, la Comisionada Especial concluyó que el licenciado Martí Rodríguez no tuvo en su posesión fondos o bienes que le fueran entregados *para* su cliente, por lo que no hubo violación a dicho canon. En cuanto al Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, concluyó que su violación no se sostenía en evidencia clara, robusta y convincente.

tiones telefónicas realizadas para entregar el dinero a la Querellante. Estas han resultado infructuosas. Por lo tanto, nos solicita instrucciones en cuanto a la consignación del dinero.

## II

Reiteradamente, hemos expresado que los contratos de servicios profesionales de abogados son una variante del contrato de arrendamiento de servicios. No obstante, estos contratos se encuentran sujetos al Código de Ética Profesional en cuanto a las normas generales sobre la fijación de honorarios de abogado, entre otras cosas. *In re Franco Rivera*, 169 DPR 237, 264–265 (2006); *In re Rodríguez Mercado*, 165 DPR 630, 642 (2005).

Con relación a la compensación de los abogados por sus servicios, todo abogado y toda abogada tiene derecho a que esta sea razonable. Art. 1473 del Código Civil de Puerto Rico, *supra*; *In re Franco Rivera*, supra. Sin embargo, además de los citados Código de Ética Profesional y Artículo 1473 del Código Civil, existen otras limitaciones estatutarias respecto a la fijación de honorarios profesionales. De particular importancia al caso de autos, se encuentra la prohibición de contratar honorarios profesionales relacionados a reclamaciones laborales con trabajadores o empleados. Esta prohibición fue establecida en la Ley Núm. 402, *supra*, y sobre sus efectos ya nos hemos expresado extensamente.

Así, el Art. 3 de la Ley Núm. 402, *supra*, 32 LPRA sec. 3116, expresamente señala que son

[...] nulos y contrarios al orden público todos los contratos, convenios o acuerdos en que trabajadores o empleados se obliguen directa o indirectamente a pagar honorarios a sus abo-

gados en casos de reclamaciones judiciales o extrajudiciales contra sus patronos bajo la legislación laboral de Puerto Rico o bajo la legislación laboral del Congreso de Estados Unidos aplicable a Puerto Rico, o al amparo de un convenio de naturaleza individual o colectivo.

En tales casos, si el empleado tiene éxito en su reclamación, es el patrono y no el empleado quien satisface los honorarios de abogado. *In re Franco Rivera*, supra, pág. 267. No obstante, en caso de incumplir con esta prohibición estatutaria, el abogado tiene que reembolsar al obrero o grupos de obreros afectados, tanto la cantidad pagada como una suma igual de dinero en concepto de daños líquidos. Art. 4 de la Ley Núm. 402, *supra*, 32 LPRA sec. 3117; *In re Franco Rivera*, supra.

Por otra parte, y en lo pertinente, el Canon 20 del Código de Ética Profesional, *supra*, requiere que el abogado, tras su renuncia, debe "reembolsar *inmediatamente* cualquier cantidad que le haya sido pagada en honorarios por servicios que no se han prestado". (Énfasis suplido). *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Rodríguez Lugo*, 175 DPR 1023 (2009); *In re Franco Rivera*, supra. Esto, pues, " '[c]onstituye una grave falta que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió' ". *In re Rodríguez Lugo*, supra, pág. 1030, citando a *In re Pereira Esteves*, 131 DPR 515, 523 (1992). De igual forma, el Canon 23 del Código de Ética Profesional, *supra*, exige que los abogados den pronta cuenta de cualquier cantidad de dinero u otros bienes del cliente que vengan a su posesión, incluso aquella suma de dinero que le adelantara en concepto de honorarios de abogado. Así pues, la dilación en la devolución de estos fondos es causa suficiente para infringir este canon, independientemente de que haya devuelto el dinero retenido o no haya tenido la intención de apropiárselos permanentemente. Véanse: *In*

*re Rivera Navarro*, 193 DPR 303 (2015); *In re Ayala Vega*, 189 DPR 672 (2013); *In re Vega Quintana*, 188 DPR 536 (2013); *In re Torres Viñals*, 180 DPR 236, 246 (2010); *In re Rivera Lozada*, 176 DPR 215, 225 (2009); *In re Ríos Ríos*, 175 DPR 57, 72–73 (2008); *In re Ramírez Ferrer*, 147 DPR 607, 614 (1999).

■ Por último, cuando se impone una sanción disciplinaria a un abogado, debemos considerar su historial, si goza de buena reputación, si ha aceptado su falta y muestra sincero arrepentimiento, si medió ánimo de lucro y cualquier otro factor pertinente a los hechos. *In re Pietri Castellón*, 185 DPR 982 (2012).

Con estos preceptos en mente, atendemos la Querella que nos fuera presentada.

## III

Luego de analizar los hechos que motivan la presente Querella, concluimos que el licenciado Martí Rodríguez violó los Cánones 20 y 23 del Código de Ética Profesional, *supra*, así como la prohibición impuesta por la Ley Núm. 402, *supra*.

El licenciado Martí Rodríguez contrató honorarios contingentes con la Querellante y le requirió un adelanto ante una posible causa de acción de naturaleza laboral por hostigamiento sexual. Esto, a pesar de ser nulo y contrario al orden público todo acuerdo que obligue a un empleado a pagar honorarios de abogado por reclamaciones contra su patrono bajo la legislación laboral. Todo ello viola la Ley Núm. 402, *supra*. Por lo tanto, el letrado está sujeto a devolver el dinero requerido y a la penalidad dispuesta en el Art. 4 de la citada Ley Núm. 402.

De igual forma, el abogado incumplió con los Cánones 20 y 23 del Código de Ética Profesional, *supra*, al no reembolsar inmediatamente los honorarios adelantados por la

Querellante.(5) Aunque hoy el querellado acepta su error y está efectuando los trámites necesarios para devolver el dinero, la dilación es suficiente para que lo disciplinemos.

Por último, con relación al Canon 38, acogemos los planteamientos de la Comisionada Especial.

## IV

Como es la primera falta del Lcdo. Héctor Martí Rodríguez, este aceptó su culpa y mostró un sincero arrepentimiento, devolvió prontamente el expediente solicitado y ha comenzado los trámites pertinentes para devolver los honorarios cobrados y la penalidad aplicable a la Querellante, en esta ocasión lo censuramos enérgicamente.

El licenciado Martí Rodríguez tiene la obligación de reembolsar a la Querellante el adelanto de los cuatro mil quinientos dólares ($4,500) en concepto de honorarios de abogado, así como una suma igual de dinero en concepto de daños líquidos, para un total de nueve mil dólares ($9,000). Ante la dificultad que este ha expresado para contactar a la Querellante, le ordenamos a que comience el proceso de consignación. Le concedemos al letrado un término de quince (15) días, contados a partir de la notificación de esta Opinión *per curiam*, para acreditarnos que ha cumplido con el Aviso de la Intención de Consignar. Además, en el término de treinta (30) días desde la acreditación de tal aviso, el licenciado Martí Rodríguez deberá informar a este Tribunal si la Querellante reclamó la suma adeudada. De lo contrario, deberá acreditarnos que consignó la cantidad de nueve mil dólares ($9,000).

Apercibimos al licenciado Martí Rodríguez de que, si incurre nuevamente en una conducta contraria al Código de Ética Profesional, será sancionado rigurosamente. La Oficina del Alguacil de este Tribunal deberá notificar perso-

---

(5) En *In re Rodríguez Mercado*, 165 DPR 630, 640 (2005), se estableció que "este Tribunal no está obligado a aceptar el informe del Comisionado Especial, por lo que puede adoptarlo, modificarlo e, inclusive, rechazarlo."

nalmente esta Opinión *per curiam* al licenciado Martí Rodríguez.

*Se dictará sentencia de conformidad.*