*In re* Elí Saúl Rodríguez Ruiz, querellado.

*Números:* AB-2016-0337    *Resueltos:* 17 de mayo de 2017
AB-2016-0122

*Karla Z. Pacheco Álvarez, Joseph Feldstein del Valle*, subprocuradores generales, *Gisela Rivera Matos* y *Minnie H. Rodríguez López*, subprocuradoras generales auxiliares, abogadas de la parte querellada; *Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías en informe.

PER CURIAM: Nos atañe ejercer nuestro poder disciplinario y decretar la suspensión inmediata e indefinida del Lcdo. Elí Saúl Rodríguez Ruiz por desobedecer tanto las órdenes de este Tribunal, como los requerimientos cursados por la Oficina del Procurador General. Por los fundamentos que a continuación enunciamos, lo suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría.

I

El Lcdo. Elí Saúl Rodríguez Ruiz (licenciado Rodríguez Ruiz o querellado) fue admitido a la práctica de la abogacía el 7 de noviembre de 1979 y a la práctica de la notaría el 20 de enero de 1989. El 31 de octubre de 2016, la Sra. Jine

Marie Maldonado Pérez (señora Maldonado o quejosa) presentó una queja contra el licenciado Rodríguez Ruiz.(1) En esa queja, la señora Maldonado expresó que el Sr. Edgar Román (señor Román) se apropió de un vehículo de motor de su pertenencia, razón por la cual acudió al Centro de Servicios al Conductor. Indicó que fue allí donde supo que, mediante un documento, se traspasó la titularidad de su vehículo a nombre del señor Román. Adujo que, posteriormente, descubrió que ese documento fue juramentado por el licenciado Rodríguez Ruiz.

El 17 de noviembre de 2016, la Subsecretaria de este Tribunal le cursó una notificación al licenciado Rodríguez Ruiz. En ese aviso, se adjuntó una copia de la queja presentada por la señora Maldonado. Asimismo, mediante el apercibimiento se le confirió al querellado un término de diez días, a partir del recibo de la notificación, para contestar la queja. Finalmente, se le indicó que, de no comparecer en el término señalado, se referiría la queja al Procurador General sin su comparecencia.

El 30 de enero de 2017 —transcurridos setenta y cuatro días desde el primer apercibimiento— se le remitió al querellado una segunda notificación. En ese aviso, se le concedió a éste un "término final" de diez días, desde la notificación de esta comunicación, para presentar su contestación. Asimismo, nuevamente se le apercibió que, de no comparecer en el referido plazo, la queja se sometería a la Oficina del Procurador General sin su comparecencia.

El 9 de marzo de 2017, sin contar con la comparecencia del querellado, referimos la queja a la Oficina del Procurador General. Esto, con la encomienda de investigar las infracciones imputadas. Consecuentemente, el 17 de abril de 2017 el Procurador General presentó su Informe. Indicó

---

(1) La queja presentada por la señora Maldonado es la AB-2016-0337. Además, aclaramos que, al presente, contra el licenciado Rodríguez Ruiz pesan varias quejas. En ese sentido, está pendiente la queja AB-2016-124 presentada el 18 de abril de 2016. Así, también, la queja AB-2017-20 presentada el 25 de enero de 2017. En cuanto a esta última, el querellado no ha comparecido.

que el 20 de marzo de 2017 se le cursó al querellado, mediante carta certificada con acuse, un Requerimiento de Información.(²) Ello, con el propósito de que éste replicara la mencionada queja en un plazo de diez días. Puntualizó que el 3 de abril de 2017 se le envió el aludido requerimiento de información vía correo electrónico. Sin embargo, informó que el licenciado Rodríguez tampoco contestó el requerimiento cursado. Por otro lado, también adujo que se le cursaron dos requerimientos de información a la quejosa y que ésta tampoco los cumplió.

A la luz de este cuadro fáctico, el Procurador General concluyó que el proceder del querellado, al no contestar las órdenes de este Tribunal y los requerimientos de la Oficina del Procurador General, vulneró los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX, independiente de la conducta que se le atribuyó en la queja.

A la luz de estos hechos, a continuación, enunciamos el marco legal aplicable.

II

Como parte de nuestro poder inherente para regular la profesión de la abogacía en Puerto Rico nos compete asegurarnos que los miembros admitidos a la profesión ejerzan sus funciones de manera responsable, competente y diligente.(³) A tono con ello, el Código de Ética Profesional establece las normas mínimas de conducta que deben desplegar los abogados y abogadas que ejercen esta ilustre profesión.(⁴)

---

(²) En el Informe del Procurador General se consignó que el requerimiento fue enviado a una dirección en el Municipio de Hatillo. Empero que, como parte de la investigación, surgió que el querellado tiene otra oficina en el Municipio de Arecibo. Además, se infiere del Informe que el 5 de abril de 2017, la Oficina del Procurador General recibió el acuse que evidencia que el querellado recibió el requerimiento de información.

(³) *In re Oyola Torres*, 195 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).

(⁴) *In re Rodríguez Gerena*, 197 DPR Ap. (2017); *In re Guemárez Santiago*, 191 DPR 611, 617–618 (2014); *In re Falcón López*, 189 DPR 689 (2013).

## A. *Canon 12, puntualidad y tramitación de los causas*

■ El Canon 12 del Código de Ética Profesional, *supra*, le impone a todo letrado el deber de tramitar las causas de forma responsable, puntual y diligente.[5] Específicamente, el aludido canon establece lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

■ En otros términos, el citado precepto "requiere que los abogados presten atención minuciosa, sean diligentes y cumplan con las órdenes del tribunal, en particular cuando se trata de procedimientos relacionados a la conducta profesional de éstos". (Énfasis suplido).[6] Así, también, se les exige que respondan con premura los requerimientos sobre las quejas por conducta profesional.[7] Por tal razón, infringe el Canon 12, *supra*, todo abogado que *"no responde las resoluciones del Tribunal Supremo, ni comparece a responder una queja que se ha presentado en su contra"*. (Énfasis suplido).[8]

■ Además, hemos sido enfáticos al disponer que los togados deben la más estricta observancia a las órdenes judiciales.[9] Es por ello que "la continua desobediencia de las órdenes del tribunal configura una infracción al Canon 12 y expone al letrado a una acción disciplinaria".[10] Esto

---

[5] *In re Montalvo Delgado*, 196 DPR 541 (2016).

[6] *In re Torres Román*, 195 DPR 882, 891 (2016), citando a *In re García Ortiz*, 187 DPR 507, 517 (2012).

[7] *In re Villalba Ojeda*, 193 DPR 966, 974 (2015); *In re Hernández Vázquez*, 180 DPR 527, 540 (2010).

[8] *In re Massanet Rodríguez*, 188 DPR. 116, 125–126 (2013).

[9] *In re Miranda Daleccio*, 193 DPR 753, 761 (2015).

[10] *In re Prado Galarza*, 195 DPR 894, 904–905 (2016); *In re Pagán Torres*, 194 DPR 925, 929 (2016).

pues, la conducta de todo abogado debe descansar en el fiel cumplimiento con la ley y en el respeto al Poder Judicial.[11]

■ Es menester aclarar que, en ocasiones anteriores, hemos puntualizado que, al igual que el Canon 9, la aplicabilidad del Canon 12 no se encuentra restringida a las órdenes expedidas por esta Curia.[12] En otros términos, esta norma también rige el comportamiento que la clase togada debe observar sobre los requerimientos efectuados por las entidades que auxilian a este Tribunal en el descargo de sus responsabilidades.[13]

## B. *Canon 9 conducta del abogado ante los tribunales*

■ El Canon 9 del Código de Ética Profesional, *supra*, pauta la conducta que los abogados deben desplegar ante los tribunales de justicia del país. En lo que aquí nos concierne, dispone que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[14]

■ Previamente, hemos expresado que la naturaleza de la función del abogado conlleva que éste emplee una atención y obediencia estrictas a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[15] Dicho de otro modo, la clase togada tiene un deber ineludible de respetar, acatar y responder de forma diligente nuestras órdenes. Especialmente, hemos destacado que este deber conlleva mayor observancia cuando se trata de asuntos relacionados a la conducta profesional de los abogados.[16] Esto, pues, una queja es una alegación la cual imputa que, cierta conducta del abogado, es contraria

---

[11] *In re Irizarry Rodríguez*, 193 DPR 633, 663 (2015).

[12] *In re Torres Román*, 195 DPR 882 (2016).

[13] Íd.

[14] 4 LPRA Ap. IX.

[15] *In re García Ortiz*, supra, pág. 524 (2012).

[16] *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).

a los postulados éticos que imperan en la profesión legal.([17]) Lo antes dicho aplica indistintamente los méritos de la queja.([18])

■    Así, pues, el incumplimiento con las órdenes de este Tribunal evidencia un claro menosprecio hacia nuestra autoridad.([19]) Por tal razón, la desatención de las órdenes judiciales no puede ser tomada de forma liviana, ya que constituye un serio agravio a la autoridad de los tribunales.([20]) Es por ello que, reiteradamente, hemos manifestado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.([21])

■    Por otro lado, como bien señalamos, este canon contiene las normas que rigen el comportamiento de la clase togada ante los foros judiciales. No obstante, lo hemos hecho extensivo a aquellas entidades a las cuales le delegamos la tarea de velar por el cumplimiento de los deberes del ejercicio de la abogacía. Es decir, lo discutido, aplica de igual modo a los requerimientos llevados a cabo por el Procurador General.([22]) De manera que, el incumplimiento con los requerimientos del Procurador General, acarrea las mismas sanciones disciplinarias que conlleva el ignorar las órdenes de esta Curia.([23])

Esbozado el marco jurídico aplicable a esta controversia, procedemos a resolver.

---

([17]) *In re Machado Echevarría*, 192 DPR 526, 530 (2015).

([18]) Íd.; *In re Marrero García*, 187 DPR 578, 581 (2012).

([19]) *In re Irizarry Irizarry*, supra, pág. 374; *In re De León Rodríguez*, 190 DPR 378, 390–391 (2014).

([20]) *In re Planas Merced*, 196 DPR 73 (2016).

([21]) *In re Figueroa Cortés*, 196 DPR 1 (2016); *In re López González et al.*, 193 DPR Ap. (2015); *In re Irizarry Irizarry*, supra; *In re Vera Vélez*, supra, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

([22]) *In re Pestaña Segovia*, 192 DPR 485, 493 (2015); *In re García Ortiz*, supra, pág. 524.

([23]) *In re Pestaña Segovia*, supra.

## III

Tras examinar el expediente del caso, resulta forzoso concluir que la conducta desplegada por el licenciado Rodríguez Ruiz trasgrede los postulados éticos mediante los cuales se debe conducir todo miembro de la clase togada.

Como enunciamos, contra el licenciado Rodríguez Ruiz se presentó una queja mediante la cual se le imputó haber obrado en contravención a las normas éticas. En vista de esto, remitimos a éste una notificación con diversos propósitos, a saber: (1) advertirle sobre la conducta imputada; (2) brindarle la oportunidad de defenderse y exponer su versión de los hechos, y (3) advertirle que, de no contestar en el término provisto, la queja sería remitida al Procurador General sin su comparecencia.

Sin embargo, pasados más de dos meses desde que se envió la primera comunicación, el querellado no ha comparecido ni presentado su réplica a la queja. Así las cosas, y a pesar de habérsele apercibido de que la queja se remitiría al Procurador General sin su comparecencia, se le cursó un segundo aviso. Así, también, se le concedió un plazo adicional para contestar la queja. No obstante, el licenciado Rodríguez Ruiz tampoco compareció.

Ulteriormente, remitimos la queja a la Oficina del Procurador General para que se efectuara la investigación. A tales fines, ésta le cursó al licenciado Rodríguez Ruiz —en dos ocasiones— un requerimiento para que él replicara la queja. Empero, a pesar de que hay prueba que el querellado recibió el aludido requerimiento, lo incumplió. En vista de ello, el Procurador General recomendó que sancionáramos al licenciado Rodríguez Ruiz por infringir los Cánones 9 y 12 del Código de Ética Profesional, *supra.*

Coincidimos con el Procurador General que la conducta de desidia e indiferencia desplegada por el querellado trasgrede los postulados éticos que deben regir a todo miembro de la profesión.

De primeras, el Canon 12 imponía al licenciado Rodríguez Ruiz la obligación de conducirse de manera diligente en los procesos ante los tribunales. Como mencionamos, este precepto cobra especial rigor a la hora de acatar las órdenes de esta Curia. Asimismo, el Canon 12 requería que el querellado contestara prontamente los requerimientos relacionados a las quejas fundadas en su conducta profesional. Por consiguiente, el licenciado Rodríguez Ruiz, al no comparecer ante este Tribunal a replicar la queja presentada en su contra, infringió el Canon 12.

En segundo lugar, el querellado, como funcionario del tribunal, estaba obligado a conducirse ante nosotros con el mayor de los respetos. Debido a ello, el licenciado Rodríguez Ruiz estaba obligado a prestar atención y obedecer las órdenes de este Tribunal. Especialmente, cuando el procedimiento llevado a cabo en su contra está motivado por su conducta profesional. De igual forma, el querellado estaba obligado a guardar el mismo respeto a los requerimientos hechos por la Oficina del Procurador General, por ser un ente encargado de auxiliarnos en la función reguladora de la profesión.

De manera que, la desidia e inobservancia del licenciado Rodríguez Ruiz, respecto a las comunicaciones cursadas por esta Curia y los requerimientos enviados por el Procurador General demuestran menosprecio hacia nuestra autoridad. Asimismo, su comportamiento constituye un agravio a nuestro poder como ente regulador de la profesión de la abogacía. Este proceder, de por sí, es razón suficiente para ordenar su suspensión inmediata e indefinida de la abogacía.

## IV

En lo concerniente a la queja AB-2016-0122 presentada el 21 de abril de 2016, tuvo "lugar" a causa de un defecto que contenía una escritura que autorizó el licenciado Ro-

dríguez Ruiz. Por tal razón, el asunto se refirió a la Oficina de Inspección de Notaría (ODIN).

Una vez completados los trámites de rigor, el Director de ODIN nos presentó su Informe. En síntesis, éste indicó que el defecto de la escritura consistía en que el bien objeto de la compraventa pertenecía a una sucesión y que el querellado no la consignó las cuotas viudales usufructuarias. Además, expresó que el 8 y 26 de agosto de 2016 se le cursó al licenciado Rodríguez Ruiz una comunicación. Mediante este aviso, se le solicitó al querellado que expusiera su posición en torno la queja y que presentara cierta documentación. Igualmente, adujo que el 6 de septiembre de 2016 el querellado envió una misiva donde, sin incluir los documentos solicitados, arguyó lo que sigue:

> Hágole saber que actualmente no tengo nada que responder al querellante pues él me hizo saber personalmente y en mi oficina que no tiene nada en mi contra y que así se lo haría saber a ustedes. Se cerró el caso, por lo que yo cerré todo también.([24])

Por último, el Director de ODIN puntualizó que el 6 de septiembre de 2016, como el querellado había incumplido con lo solicitado, se le cursó un tercer aviso reiterando el pedido. Sin embargo, éste tampoco presentó los documentos requeridos ni su posición sobre la queja.

Basado en estos eventos, el Director de ODIN concluyó que el querellado vulneró el Canon 9, *supra*, al desatender los requerimientos de ODIN. En vista de ello, recomendó su suspensión del ejercicio de la notaría por un plazo de noventa días. Sin embargo, a la luz de lo resuelto en la queja Núm. AB-2016-0337, este plazo queda subsumido en

---

([24]) Respecto a esta misiva, resulta adecuado destacar que el 9 de agosto de 2016 la Asesora Legal de ODIN sostuvo una comunicación con el querellado. El licenciado Rodríguez Ruiz manifestó que el quejoso acudió a su oficina a indicarle que desistía de su reclamación. Ante ello, la Asesora Legal le expresó que ODIN no había recibido comunicación alguna del quejoso que indicara su intención de desistir. Así también le manifestó que "[h]asta tanto el Tribunal Supremo ordene lo contrario, nuestra investigación tiene que seguir su curso de conformidad con la Regla 14(d) del Reglamento del Tribunal Supremo".

la suspensión inmediata e indefinida del licenciado Rodríguez Ruiz de la práctica de la abogacía y la notaria.

## V

Por los fundamentos que anteceden, *suspendemos de forma inmediata e indefinida al licenciado Rodríguez Ruiz de la práctica de la abogacía y la notaría. Así, también, le imponemos el deber de poner en aviso inmediatamente a todos sus clientes sobre su inhabilidad de continuar representándolos y restituir cualesquiera honorarios recibidos por trabajos no realizados. Igualmente, tendrá que comunicar, inmediatamente, sobre su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Asimismo, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta días a partir de la notificación de esta opinión "per curiam" y sentencia.*

*Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y el sello notarial del señor Rodríguez Ruiz y entregarlos al Director de ODIN.*

*Se dictará Sentencia de conformidad.*