EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Rebecca Santiago Méndez (TS-7052) | 2018 TSPR 191<br><br>201 DPR \_\_\_\_ |

Número del Caso:  CP-2016-3


Fecha: 27 de noviembre de 2018


Abogado de la promovida:


        Lcdo. Juan M. Gaud Pacheco


Oficina del Procurador General:

        Lcda. Karla Z. Pacheco Alvarez
        Sub Procuradora General

        Lcdo. Joseph Feldstein del Valle
        Sub Procurador General

        Lcdo. Eric O. de la Cruz Iglesias
        Procurador General Auxiliar

Comisionada Especial:

        Hon. María Inés Cartagena Colón


Materia:  La suspensión será efectiva el 4 de diciembre de 2018, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rebecca Santiago Méndez          CP-2016-3          Conducta
        (TS-7,052)                                   Profesional

*PER CURIAM*

San Juan, Puerto Rico, a 27 de noviembre de 2018.

Nuevamente nos vemos obligados a ejercer nuestro poder disciplinario en contra de una integrante de la profesión legal que incumplió con los requerimientos de la Oficina del Procurador General y provocó una dilación excesiva en la investigación y los procedimientos al reembolsar de manera tardía los honorarios por los servicios no prestados. Procedemos a exponer los hechos que dieron lugar a la presente querella.

**I**

La Lcda. Rebecca Santiago Méndez[1] fue admitida al ejercicio de la abogacía el 20 de noviembre de 1980 y a la práctica de la notaría el 8 de julio de 1981.[2] Durante su vida profesional, la letrada ha sido suspendida del ejercicio de la abogacía y la notaría en varias ocasiones, siendo su última reinstalación en el 2009.

Ahora bien, la querella que nos ocupa se originó cuando el Sr. Juan Carlos Miranda Temes solicitó en agosto de 2011 los servicios de la licenciada Santiago Méndez para la tramitación de una Declaratoria de Herederos y, según alegó, una Planilla de Herederos[3] por razón del fallecimiento de su padre. Mediante un convenio verbal, éstos acordaron que los honorarios por los servicios serían $1,500, divididos en un pago inicial de $750.00 y otro pago de $750 al finalizar los trámites.[4]

El 14 de diciembre de 2011, el señor Miranda Temes visitó las oficinas de la licenciada Santiago Méndez para conocer las gestiones realizadas hasta ese momento. En

---

[1] Del expediente personal de la abogada que obra en este Tribunal surge que su nombre oficial es Delia Rebecca Santiago Méndez. No obstante, en el juramento como abogada, ésta compareció bajo el nombre de Rebecca Santiago Méndez. Desde entonces, este ha sido el nombre por el cual se ha identificado a la letrada en los procedimientos disciplinarios ante esta Curia. Por tanto, utilizaremos el nombre de Rebecca Santiago Méndez, para fines de mantener la consistencia ante los trámites disciplinarios que previamente hemos atendido.

[2] Es menester señalar que actualmente la abogada no es notaria.

[3] Debemos destacar que el nombre correcto es la Planilla de Contribución sobre Caudal Relicto.

[4] Es menester señalar que el Sr. Juan Carlos Miranda Temes desembolsó el pago inicial de $750 en 3 pagos parciales, por lo que saldó el mismo el 15 de noviembre de 2011.

dicha ocasión, la abogada le manifestó que presentó la Planilla de Contribución sobre Caudal Relicto (Planilla sobre Caudal Relicto) en el Departamento de Hacienda. En cuanto a la Declaratoria de Herederos y su interés en la posibilidad de repudiar la herencia, la letrada le informó la necesidad de consultar con un notario para ambas gestiones. Debido a las expresiones de la licenciada Santiago Méndez, el señor Miranda Temes indagó y descubrió que, al momento de la contratación, la letrada se encontraba suspendida de la práctica notarial y que ésta no presentó la Panilla sobre Caudal Relicto como había afirmado. Es por ello que, el 19 de diciembre de 2011, mediante conversación telefónica y correo electrónico, el señor Miranda Temes le comunicó a la licenciada que, por la falta de confianza, la dilación en los trámites acordados, el fallo de notificarle la suspensión del ejercicio de la práctica notarial y la intención de consultar a un notario sin su consentimiento, le solicitaba la renuncia de la representación legal. Con ello, además le requirió el expediente y la devolución del pago inicial de $750 por los servicios no completados. Al día siguiente, la licenciada Santiago Méndez le entregó el expediente y, según alegó, la letrada se comprometió a reembolsar el dinero del pago inicial.

A raíz del incumplimiento de la letrada, el 23 de diciembre de 2011, el señor Miranda Temes presentó una queja ante la Oficina del Procurador General. En esencia,

la contención principal del señor Miranda Temes era que la única gestión que la licenciada Santiago Méndez realizó fue solicitar la certificación negativa de testamento ante la Oficina de Inspección de Notarías (ODIN) y que, a la fecha de la presentación de la queja, la abogada no le había devuelto los honorarios por el trabajo no realizado.

En atención a la queja, la Oficina del Procurador General le solicitó a la licenciada Santiago Méndez la contestación a la misma el 28 de diciembre de 2011, el 30 y 31 de enero de 2012. Sin embargo, ésta no contestó. Así las cosas, el 3 de abril de 2013, y dado el incumplimiento con los requerimientos, el Procurador General solicitó la intervención de este Foro para ordenar a la abogada que compareciera. Antes de que este Tribunal se expresara, la letrada contestó la queja.[5] En esencia, se disculpó por la dilación en contestar la queja y señaló que el quejoso no la contrató como notaria, sino en su carácter de abogada. Afirmó que le solicitó al señor Miranda Temes unas semanas para devolverle el dinero, pues al momento no los tenía. Posterior a este evento, no se comunicó más con el quejoso porque éste le había indicado que, por razones de trabajo, estaría fuera del País. Finalmente, ante la ausencia de fundamentos en las alegaciones, solicitó la desestimación de la queja.

---

[5] El 10 de abril de 2013 y mediante la *Moción Urgentísima Informativa y en Cumplimiento de Orden*, la letrada indicó a este Tribunal que compareció y contestó la queja.

Así el trámite, debido a las comunicaciones del señor Miranda Temes, el Procurador General continuamente brindó seguimiento a la gestión de la devolución del dinero. Tras varias prórrogas y expirado el último término concedido, el Procurador General emitió su Informe ante este Tribunal sin que la letrada le informara que le había enviado al señor Miranda Temes los honorarios objeto de la queja.[6] El 30 de julio de 2015, la letrada presentó una *Moción Tardía sobre Informe de Procurador General,* en la que explicó que el Procurador General no consideró en su Informe que ella le devolvió los honorarios al quejoso en febrero de 2015, pero éste no los reclamó.

Evaluado el Informe, este Foro instruyó al Procurador General a que presentara la querella. En atención a la orden, el 23 de junio de 2016, el Procurador General presentó la querella e imputó que la licenciada Santiago Méndez violentó los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX, por desobedecer de manera reiterada los requerimientos del Procurador General y dilatar irrazonablemente la investigación y presentación del Informe. Asimismo, consideró que infringió los Cánones 20 y 23 del Código de Ética Profesional, 4 LPRA Ap. IX, por la dilación excesiva en devolver los honorarios

---

[6] Surge del expediente que la Lcda. Rebecca Santiago Méndez le devolvió el dinero el 12 de febrero de 2015, mediante un cheque enviado por correo certificado con acuse de recibo. Sin embargo, la correspondencia fue devuelta por falta de reclamación. Advertimos que obra en el expediente del Tribunal el sobre sellado, devuelto y no reclamado.

adelantados no devengados e incumplir con los asuntos económicos de su cliente.

Mediante una Resolución notificada el 21 de febrero de 2017, este Tribunal designó a la Lcda. María Inés Cartagena Colón como Comisionada Especial (Comisionada). Luego de la celebración de las vistas correspondientes, la Comisionada rindió su Informe y determinó que la togada violentó los Cánones 9, 12, 20 y 23 del Código de Ética Profesional, *supra*.

## II

Es poder inherente de este Tribunal regular a los miembros de la profesión legal para asegurarnos que desplieguen sus funciones de manera responsable, competente y diligente.[7] Así, el Código de Ética Profesional dispone las normas mínimas de conducta que rige a la clase togada del País.[8]

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, el letrado tiene el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[9] Por tanto, es un menosprecio a la autoridad de los tribunales desatender las órdenes judiciales y constituye una

---

[7] In re Rodríguez Ruiz, 198 DPR 73, 76 (2017).

[8] In re Rodríguez Ruiz, supra.

[9] In re López Méndez, 196 DPR 956, 960-961 (2016).

infracción al Canon 9, *supra*.[10] Por ello, los abogados tienen una obligación de atender diligentemente nuestras órdenes, cuyo deber se torna más evidente durante un procedimiento disciplinario.[11] Asimismo, extendimos este deber "a aquellas entidades a las cuales le delegamos la tarea de velar por el cumplimiento de los deberes del ejercicio de la abogacía".[12] De este modo, postergar los requerimientos del Procurador General "acarrea las mismas sanciones disciplinarias que conlleva el ignorar las órdenes de esta Curia".[13]

Por otro lado, conforme al Canon 12 del Código de Ética Profesional, *supra*, todo abogado deberá tramitar las causas de manera responsable y diligente.[14]

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

Hemos advertido que, "[c]omo corolario del deber plasmado en este canon, la conducta de un abogado no debe obstaculizar la resolución de un caso".[15] Al igual que el Canon 9, *supra*, que requiere la atención a los

---

[10] In re Bryan Picó, 192 DPR 246,251 (2015).

[11] In re Bryan Picó, supra.

[12] In re Rodríguez Ruiz, supra, pág. 79.

[13] In re Rodríguez Ruiz, supra.

[14] In re Pérez Soto, 2018 TSPR 69, 200 DPR ___ (2018).

[15] In re Pérez Soto, supra.

requerimientos de este Tribunal, el Canon 12 del Código de Ética Profesional, *supra*, procura que los abogados lo hagan, pero con premura. Por tanto, el letrado que no responda puntal y diligentemente una queja infringe el Canon 12 del Código de Ética Profesional, *supra*. Asimismo, este canon "también rige el comportamiento que la clase togada debe observar sobre los requerimientos efectuados por las entidades que auxilian a este Tribunal[…]".[16] Es decir, los miembros de la profesión legal deberán atender los requerimientos del Procurador General con diligencia y premura.

En otro tema, el Canon 20 del Código de Ética Profesional, *supra*, obliga a todo letrado que renuncie a la representación legal a "reembolsar inmediatamente cualquier cantidad que le haya sido pagada en honorarios por servicios que no se han prestado".[17] Sobre este particular, hemos expresado que lo anterior "[c]onstituye una grave falta que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió".[18]

Cónsono con lo anterior, el Canon 23 del Código de Ética Profesional, *supra*, exige que los abogados rindan "cuenta de cualquier cantidad de dinero u otros bienes del

---

[16] In re Rodríguez Ruiz, supra, pág. 78.

[17] In re Martí Rodríguez, 194 DPR 467, 474 (2016), citando a In re Pestaña Segovia, 192 DPR 485 (2015).

[18] In re Martí Rodríguez, supra, citando a In re Rodríguez Lugo, 175 DPR 1023 (2009).

cliente que vengan a su posesión, incluso aquella suma de dinero que le adelantara en concepto de honorarios de abogado".[19] Hemos señalado que "la dilación en la devolución de estos fondos es causa suficiente para infringir este canon, *independientemente de que haya devuelto el dinero retenido* o no haya tenido la intención de apropiárselos permanentemente".[20] (Énfasis nuestro).

## III

En primer lugar, no hay duda que transcurrió más de un año desde el último requerimiento del Procurador General y la solicitud a este Tribunal para que le ordenáramos a la licenciada Santiago Méndez que contestara la queja. Esta actitud de desdén de la letrada provocó, a su vez, la dilación de la investigación y los procedimientos en clara contravención a los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

Como señalamos, no es la primera vez que la querellada figura en un procedimiento disciplinario por desatender los requerimientos de este Tribunal y de las entidades que nos auxilian.[21]

---

[19] In re Martí Rodríguez, supra.

[20] In re Martí Rodríguez, supra.

[21] Previamente la licenciada Santiago Méndez fue suspendida de la abogacía por no responder a los requerimientos de este Tribunal. In re Santiago Méndez, 129 DPR 696 (1991). Posteriormente, fue suspendida de la práctica notarial. In re Santiago Méndez, 138 DPR 531 (1995). En otra ocasión se le suspendió de la abogacía por no cumplir con la actualización de la dirección postal. In re Santiago Méndez, 141 DPR 75 (1996). Finalmente, la abogada fue suspendida de manera indefinida por no comparecer ante esta Curia. In re Santiago Méndez, 174 DPR 23, 826 (2008).

Por otro lado, si bien es cierto que para febrero de 2015 la querellada le remitió al quejoso un cheque por correo certificado (que éste no reclamó), surge del expediente que, el 25 de abril de 2017, la letrada le entregó personalmente el pago de los honorarios por los servicios no rendidos. Sin embargo, debemos señalar que la razón principal para la continuación de los procedimientos fue la dilación en realizar el mencionado reembolso. Así pues, un miembro de la profesión legal no debe esperar que el Procurador General se convierta en un intermediario o mediador para que cumpla con los deberes que los cánones de ética profesional exigen. Es decir, si bien la abogada respondía al seguimiento del Procurador General con relación a la acreditación del reembolso, ésta no realizó gestión afirmativa alguna para devolver de manera inmediata el dinero reclamado. Ante este cuadro, es claro que su conducta fue contraria a los Cánones 20 y 23 del Código de Ética Profesional, *supra*.

En este caso obra en contra de la querellada que esta no es la primera vez que enfrenta un proceso disciplinario por su incumplimiento con las órdenes o directrices de este Tribunal. Ciertamente, la querellada no parece entender la importancia de atender con diligencia y premura los señalamientos en su contra.

No obstante, obra en favor de la letrada que, aunque de manera tardía, devolvió el dinero y su conducta no

produjo consecuencias fatales en los intereses de su cliente.

Considerando lo anterior, entendemos que la medida disciplinaria debe ser la suspensión inmediata de la abogacía por el término de 6 meses.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata de la Lcda. Rebecca Santiago Méndez de la práctica de la abogacía por el término de 6 meses.

La señora Santiago Méndez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rebecca Santiago Méndez          CP-2016-3          Conducta
      (TS-7,052)                                      Profesional


SENTENCIA

San Juan, Puerto Rico, a 27 de noviembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata de la Lcda. Rebecca Santiago Méndez de la práctica de la abogacía por el término de 6 meses.

La señora Santiago Méndez deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre con el resultado y hace constar que la suspendería por un año.

El Juez Asociado señor Colón Pérez concurre con el resultado y hace constar las siguientes expresiones:

> "El Juez Asociado señor Colón Pérez concurre con el resultado alcanzado por una mayoría de este Tribunal. Ello, dado a que, si bien coincide en que la licenciada Rebecca Santiago Méndez infringió los Cánones 9 (conducta de los abogados ante los tribunales), 12 (puntualidad y tramitación de las causas), 20 (reembolso de honorarios de abogado) y 23 (manejo de los bienes del cliente) del Código de Ética Profesional, 4 LPRA Ap. IX, y que, en consecuencia, procede su suspensión del ejercicio de la abogacía, no está de acuerdo con que su sanción se limite a un término de seis (6) meses. A juicio de éste, el patrón de incumplimiento con las órdenes o directrices de este Tribunal por parte de la referida letrada, que le ha merecido ser previamente sancionada por esta Curia en al menos cuatro (4) ocasiones -- *In re Santiago Méndez*, 129 D.P.R. 696 (1991); In *re Santiago Méndez*, 138 DPR 531 (1995); *In re Santiago Méndez*, 141 DPR 75 (1996); *In re Santiago Méndez*, 174 DPR 23 (2008) -- ameritaba su suspensión del ejercicio de la abogacía por un término mínimo de un (1) año.
>
> Y es que, la licenciada Santiago Méndez, no empece a así habérsele advertido en el pasado, parece haber olvidado que la naturaleza de su función requiere una escrupulosa atención a las órdenes y directrices de este Tribunal particularmente cuando de conducta profesional se trata. Esto se agrava aún más cuando la referida letrada, con su conducta, ha lacerado la confianza que en ella depositaron los ciudadanos y ciudadanas que tocaron a la puerta de su despacho legal en búsqueda de justicia. En el día de hoy nuevamente se lo recordamos".

José Ignacio Campos Pérez
Secretario del Tribunal Supremo
