EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    José J. Sigurani Medina | 2003 TSPR 180<br><br>160 DPR _____ |

Número del Caso: AB-2001-170

Fecha: 12 de diciembre de 2003

Oficina del Procurador General:

                    Lcda. Cynthia Iglesias Quiñones
                    Procuradora General Auxiliar

 Abogado de la parte querellada:

                    Por Derecho Propio

Materia: Conducta Profesional
            (La suspensión es efectiva a partir del 18 de
            diciembre de 2003, fecha en que se le notificó al
            abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

José J. Sigurani Medina                    AB-2001-170

PER CURIAM

San Juan, Puerto Rico, a 12 de diciembre de 2003.

El señor Víctor Monserrate Candelario presentó una queja juramentada ante este Tribunal contra el Lcdo. José J. Sigurani Medina. Expuso que había contratado al licenciado Sigurani Medina para que lo representara a él, a su esposa y a la sociedad legal de gananciales que ambos componen (en adelante conjuntamente, señor Monserrate Candelario) en una acción de ejecución de hipoteca por la vía ordinaria presentada por el Banco Santander de Puerto Rico ante el Tribunal de Primera Instancia. Según se alegó, dentro de este mismo pleito, uno de los codemandados presentó una demanda contra coparte contra el

señor Monserrate Candelario, la cual no fue contestada por el licenciado Sigurani Medina. Como consecuencia, el tribunal de instancia le anotó la rebeldía y dictó sentencia en su contra en cuanto a la demanda contra coparte. Con relación a la reclamación del Banco Santander, el señor Monserrate Candelario también informó que el tribunal de instancia le había anotado la rebeldía y dictado sentencia en su contra.

El señor Monserrate Candelario afirmó que el licenciado Sigurani Medina no le informó de estos incidentes procesales y advino en conocimiento de ellos mediante las notificaciones del tribunal dirigidas a su dirección postal. Al enterarse acudió al licenciado Sigurani Medina para pedirle explicación de lo ocurrido. Éste sostuvo que había contestado la demanda contra coparte y que desconocía el porqué de la anotación de rebeldía en cuanto a la reclamación del Banco Santander. Así las cosas, el señor Monserrate Candelario expresó que en varias ocasiones le solicitó el expediente del caso al licenciado Sigurani Medina y que, incluso, el nuevo abogado que contrató le llamó por teléfono y le escribió para que entregara los expedientes y presentara ante el tribunal la moción de relevo de representación legal. Luego de múltiples peticiones, el licenciado Sigurani Medina accedió a lo solicitado.

En síntesis, el señor Monserrate Candelario sostuvo en su queja que el licenciado Sigurani Medina actuó

negligentemente en el trámite de la causa de acción en que éste lo representaba como demandado; al no mantenerlo informado sobre incidentes procesales importantes; que le mintió sobre su desempeño como abogado; y retuvo el expediente del caso irrazonablemente.

En su contestación a la queja, el licenciado Sigurani Medina negó las alegaciones en su contra. Informó además que, como consecuencia de un escalamiento en su oficina, los expedientes estaban "regados" pero que su emplazador estaba dispuesto a declarar bajo juramento que la contestación a la demanda contra coparte fue presentada. Sobre la falta de comunicación con el quejoso, el abogado manifestó que estaba gestionando con la compañía telefónica su historial de llamadas para demostrar las veces que lo llamó.

Según el trámite correspondiente, le referimos el expediente del caso al Procurador General para su investigación e informe. En su Informe, el Procurador General indica que, el 25 de septiembre de 2001, le requirió al licenciado Sigurani Medina evidencia específica que sustentara sus alegaciones en la contestación a la queja. Según el acuse de recibo, este requerimiento fue recibido el 1ero de octubre de 2001. No obstante, para el 26 de junio de 2002, el licenciado Sigurani Medina no había contestado la solicitud del Procurador General.

Por consiguiente, el 18 de julio de 2002, le concedimos al abogado querellado un término de veinte días

para que se expresara sobre el Informe del Procurador General. Ante la inacción del licenciado Sigurani Medina, emitimos una Resolución en la que le ordenamos que remitiera la información que se le requirió en septiembre de 2001 por el Procurador General. Sin embargo, el licenciado Sigurani Medina no atendió dicha orden. Así que emitimos otra Resolución con fecha de 1ero de noviembre de 2002, en la que le concedimos un nuevo término para que entregara la información que le solicitó el Procurador General.

A pesar de lo anterior, el abogado Sigurani Medina no cumplió con lo solicitado. Por consiguiente, el 21 de marzo de 2003, le concedimos un término de veinte días para que compareciera y mostrara causa por la cual no debía ser disciplinado en vista de su inatención a nuestras Resoluciones de 18 de julio y 1ero de noviembre de 2002.

En su comparecencia en cumplimiento con nuestra orden de mostrar causa, el abogado expresa que nunca ha mediado intención de su parte de menospreciar nuestras órdenes. Explica que la recopilación de la evidencia solicitada ha sido difícil. Con respecto al historial de llamadas, informa que la compañía telefónica no guarda esos registros por lo que está impedido de demostrar que se mantuvo en comunicación con el cliente. En relación con el emplazador que se supone declare bajo juramento sobre la presentación de la contestación a la demanda de coparte contra el señor Monserrate Candelario, el abogado informó que tuvo que

contratar un investigador privado para dar con su paradero y que finalmente éste está en la disposición de acudir a este Tribunal a declarar bajo juramento sobre dicho asunto. Finalmente, solicitó un término adicional de treinta días para entregar la evidencia solicitada.

Visto lo anterior, el 30 de mayo de 2003, emitimos otra Resolución en la que le concedimos al licenciado Sigurani Medina un término de veinte días para que cumpliera con nuestra Resolución de 18 de julio de 2002; esto es, para que se expresara sobre el Informe del Procurador General. En esta ocasión, le apercibimos de que su incumplimiento con esta Resolución podría conllevar la aplicación de una medida disciplinaria. En esta misma Resolución le solicitamos al Procurador General que, una vez vencido el término concedido, compareciera y nos certificara si el licenciado Sigurani Medina remitió la información solicitada.

Poco tiempo después, el Procurador General nos informó que no había recibido copia de la moción presentada por el licenciado Sigurani Medina en cumplimiento con nuestra orden de mostrar causa. Por ello, el 30 de junio de 2003, le concedimos al abogado diez días, a partir de la notificación de nuestra Resolución, para que se expresara sobre la falta de notificación al Procurador General. A la fecha, el licenciado Sigurani Medina no ha comparecido.

I

Como se desprende del recuento anterior, este Tribunal ha sido más que condescendiente con el licenciado Sigurani Medina. Le hemos concedido múltiples oportunidades para que se dilucide la querella en su contra y éste ha hecho poco caso a nuestras órdenes. Su indiferencia deja mucho que decir sobre su capacidad de diligencia y responsabilidad con la profesión de la abogacía. Su actuación expresa un claro menosprecio a la autoridad de este foro.

Reiteradamente hemos expresado que los abogados tienen la ineludible obligación de responder diligentemente a los requerimientos de este Tribunal y que no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. In re Gómez Velázquez, res. el 7 de marzo de 2003, 2003 TSPR 14; In re Guemárez Santiago, res. el 30 de junio de 1998, 98 TSPR 102. Además del caso omiso reiterado que ha hecho el querellado a las órdenes de este Tribunal, este caso presenta la circunstancia particular de que las comparecencias de este abogado han sido para dilatar con argumentos infundados la adjudicación final de este caso. En su escasa comparecencia, el licenciado Sigurani Medina se ha limitado a sustentar con especulaciones su defensa contra las alegaciones del querellante. El requerimiento importante de someter evidencia al respecto lo ha contestado con argumentos dirigidos a entretener a las

partes aquí involucradas.   No toleraremos este tipo de comportamiento.

Por las razones antes expresadas, procede separar, de forma inmediata e indefinida, del ejercicio de la profesión de la abogacía y de la notaría al Lcdo. José J. Sigurani Medina hasta que otra cosa disponga este Tribunal.   Éste deberá notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial de José J. Sigurani Medina, incluyendo su sello notarial, la cual entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José J. Sigurani Medina

AB-2001-170

SENTENCIA

San Juan, Puerto Rico, a 12 de diciembre de 2003.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte integral de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la profesión de la abogacía y de la notaría a José J. Sigurani Medina, a partir de la notificación de esta Opinión *Per Curiam* y hasta que otra cosa disponga este Tribunal. Éste deberá notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además certificarnos, dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de José J. Sigurani Medina, incluyendo su sello notarial, la cual entregará a la Oficina de Inspección de Notarías para el examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente Interino señor Rebollo López no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo