*In re* LILLIAM ANNETTE RAMOS BAHAMUNDI, querellada.

Número: AB-2002-233    Resuelto: 19 de febrero de 2004

*Roberto J. Sánchez Ramos*, procurador general; *Lillian A. Ramos Bahamundi*, abogada querellada que comparece por derecho propio; *Porfirio Ramírez Díaz*, querellante.

PER CURIAM: La Lcda. Lilliam Annette Ramos Bahamundi

fue admitida al ejercicio de la abogacía el 19 de septiembre de 1990. Fue admitida como notario público el 7 de mayo de 1991.

El 22 de mayo de 2002 el Sr. Porfirio Ramírez Díaz visitó la Oficina del Procurador General para quejarse contra la licenciada Ramos Bahamundi por incumplir con lo pactado en el contrato para la prestación de servicios profesionales por esta última, en calidad de notario público. Alegó el señor Ramírez Díaz que la referida notario se comprometió a otorgar una escritura pública sobre compraventa y presentar su copia certificada en el Registro de la Propiedad. El quejoso se comprometió a pagar por esos servicios la suma de mil tres dólares. Alegó que la querellada no cumplió con su obligación contractual y el quejoso está impedido de vender su propiedad, pues no está inscrita en el Registro de la Propiedad.

El 16 de agosto de 2002 compareció entre nos el Procurador General para solicitar una orden dirigida a la querellada para que proveyera a su oficina su versión de los hechos, después de solicitarle tal información por carta a su dirección postal, por correo certificado con acuse de recibo, y haber resultado infructuosa tal gestión.

El 23 de agosto de 2002 emitimos una resolución en la que le concedimos un término a la querellada para contestar los requerimientos del Procurador General y para exponer por escrito las razones por las cuales no debía ser disciplinada por no contestar a lo requerido por dicho funcionario. Se le apercibió de que el incumplimiento con lo ordenado por este Tribunal podría conllevar la suspensión indefinida del ejercicio de la abogacía. Dicha resolución fue notificada a la querellada personalmente el 17 de septiembre de 2002 con copia de ésta.

El 27 de septiembre de 2002 la querellada compareció por escrito ante nos y expresó que, después de realizar un estudio de título, otorgó el 23 de diciembre de 2000 la Escritura Núm. 137 de Compraventa; además, que el 3 de

enero de 2001 presentó en el Registro de la Propiedad, Sección I de Caguas, su copia certificada. Un año después, el quejoso solicitó de su oficina una copia de la minuta de presentación y se la entregó. Posteriormente, el quejoso visitó la oficina de la querellada y le informó que el inmueble objeto de la escritura de compraventa otorgada por ella está inscrita a nombre de otra persona en el Registro de la Propiedad. La querellada alega que fue a indagar al Registro de la Propiedad sobre lo planteado por el quejoso y verificó que, en efecto, el inmueble estaba inscrito a nombre de otra persona. Atribuyó tal situación a un error de los funcionarios y empleados del Registro de la Propiedad. Indicó que, aunque no le correspondía, hizo gestiones dirigidas a corregir el problema.

El 13 de diciembre de 2002 concedimos al Procurador General un término para expresarse sobre lo informado por la querellada. El Procurador General compareció por escrito ante nos el 23 de diciembre de 2002. Nos informó que su oficina le había requerido a la querellada, mediante cartas de 18 de octubre de 2002 y de 9 de diciembre de 2002, actualizar el estatus de sus gestiones, pero ésta aún no se ha comunicado.

El Procurador General expresó que el incumplimiento de la querellada a sus requerimientos no le ha permitido a su oficina la evaluación de los méritos de la queja presentada. Solicitó una orden dirigida a la querellada para que proveyera la información solicitada, bajo apercibimiento de sanciones disciplinarias.

El 30 de diciembre de 2002 emitimos una resolución en la que le concedimos el término a la querellada para que proveyera, sin dilación de clase alguna, la información solicitada por el Procurador General. Se notificó personalmente a la querellada con copia de la referida resolución el 31 de enero de 2003.

El 20 de marzo de 2003 el Procurador General acudió ante nos nuevamente por escrito. Expresó que, a pesar de

que la querellada suministró en su escrito de 27 de septiembre de 2002 alguna información en cuanto a sus gestiones para corregir el problema, su oficina no cuenta con información actualizada alguna sobre el particular, en vista de que ésta no ha producido respuesta a sus requerimientos a pesar de la orden a esos efectos emitida por este Tribunal el 30 de diciembre de 2002. Solicitó nuevamente de este Tribunal que le ordenara a la querellada actualizar su informe y aclarar la información que brindó en los párrafos 19 y 21 de su escrito de 27 de septiembre de 2002.

El 30 de mayo de 2003 emitimos otra resolución en la que le concedimos un *término final* a la querellada para cumplir con lo requerido por el Procurador General en su escrito de 20 de marzo de 2003. Le ordenamos que debía presentar un informe detallado sobre la inscripción de una copia certificada de la Escritura Pública Núm. 137 en el Registro de la Propiedad, y aclarar los párrafos 19 y 21 de su escrito presentado el 27 de septiembre de 2002. Dicha Resolución fue notificada a la querellada el 4 de junio de 2003 a su dirección postal: Call Box 9000-200, Cayey, P.R., 00737-9000.

El 21 de agosto de 2003 el Procurador General acudió nuevamente ante nos e informó que la querellada no ha cumplido y, por ende, no le ha permitido a su oficina la evaluación de los méritos de la queja presentada. Solicitó una orden a la querellada para que suministre la información solicitada.

El 10 de octubre de 2003 emitimos una resolución en la que le concedimos un término a la querellada para cumplir con nuestra Resolución de 30 de mayo de 2003. Le ordenamos que, dentro de dicho término, debía comparecer a mostrar causa por la cual no debiera ser sancionada. Fue notificada en su oficina con copia de dicha resolución el 17 de octubre de 2003. Su secretaria le comunicó al alguacil de este Tribunal que la querellada había recibido la referida copia de la resolución.

El 2 de diciembre de 2003 el Procurador General acudió nuevamente ante nos y nos indicó que la querellada no ha cumplido. Solicita la aplicación de las sanciones correspondientes. La querellada no ha comparecido ante este Tribunal para informarnos sobre su cumplimiento con lo ordenado.

Reiteradamente, hemos señalado que los abogados tienen la ineludible obligación de responder con diligencia a nuestras órdenes y requerimientos. Hemos hecho claro que la indiferencia de los abogados al no atender nuestros requerimientos u órdenes acarrea la imposición de severas sanciones disciplinarias.[1]

En el caso de autos la Lcda. Lilliam Annette Ramos Bahamundi ha hecho caso omiso a nuestros múltiples requerimientos. Es evidente que la licenciada Ramos Bahamundi no tiene ninguna disposición de cumplir con los requerimientos del Procurador General y con nuestras órdenes. Con tal proceder ha desafiado nuestras advertencias previas.

Por todo lo antes expuesto, procede separar, de forma inmediata e indefinida, del ejercicio de la abogacía y de la notaría en Puerto Rico a la Sra. Lilliam Annette Ramos Bahamundi. Le imponemos a la querellada el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándoles, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta días, a partir de su notificación, el cumplimiento de estos deberes, notificando también de ello al Procurador General. El Alguacil de este Tribunal procederá a incautarse de la obra notarial de la

---

[1] *In re Torres Torregrosa*, 161 D.P.R. 66 (2004); *In re Sigurani Medina*, 160 D.P.R. 769 (2003); *In re Gómez Velázquez*, 158 D.P.R. 923 (2003); *In re Feliciano Crespo*, 158 D.P.R. 926 (2003); *In re Vargas Hernández*, 152 D.P.R. 584 (2000); *In re Corujo Collazo*, 149 D.P.R. 857 (1999); *In re Ron Menéndez*, 149 D.P.R. 105 (1999); *In re López López*, 149 D.P.R. 82 (1999).

abogada Ramos Bahamundi, incluyendo su sello notarial, y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.