EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2025 TSPR 43 |
| Lillian Annette Ramos Bahamundi (TS-9,635) | 215 DPR ___ |

Número del Caso: CP-2020-0013
              CP-2020-0017

Fecha:  25 de abril de 2025

**CP-2020-0013:**

Oficina del Procurador General:

   Lcda. Lorena Cortés Rivera
   Subprocuradora General

   Lcda. Mabel Sotomayor Hernández
   Subprocuradora General

   Lcda. Gisela Rivera Matos
   Procuradora General Auxiliar

   Lcda. Yaizamarie Lugo Fontánez
   Procuradora General Auxiliar


Representante legal de la querellada:

   Lcda. Daisy Calcaño López


Comisionada Especial:

   Hon. Eloína Torres Cancel


**CP-2020-0017:**

Oficina del Procurador General:

   Lcda. Lorena Cortés Rivera
   Subprocuradora General

   Lcda. Mabel Sotomayor Hernández
   Subprocuradora General

   Lcda. Minnie H. Rodríguez López
   Procuradora General Auxiliar

Lcda. Yaizamarie Lugo Fontánez
Procuradora General Auxiliar

Lcda. Melanie M. Mercado Méndez
Procuradora General Auxiliar

Representante legal de la querellada:

Lcda. Daisy Calcaño López


Comisionada Especial:

Hon. Eloína Torres Cancel


Materia: Conducta Profesional – Suspensión inmediata por el término de seis (6) meses por infringir los Cánones 9, 12, 18, 19, 20, 23, 35 y 38 de Ética Profesional.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| *In re:*<br><br>Lillian Annette Ramos Bahamundi<br>(TS-9,635) | CP-2020-0013<br>CP-2020-0017 |

*PER CURIAM*

En San Juan, Puerto Rico, a 25 de abril de 2025.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y de la notaría, -- en esta ocasión, por un término de seis (6) meses --, a un miembro de la profesión legal que, con su proceder, infringió los Cánones 9 (conducta del abogado ante los tribunales), 12 (puntualidad y tramitación de las causas), 18 (competencia del abogado y consejo al cliente), 19 (deber de mantener informado al cliente), 20 (renuncia de representación legal), 23 (manejo de los bienes del cliente), 35 (sinceridad y honradez) y 38 (preservación del honor y la dignidad de la profesión) del Código de Ética Profesional, *infra*.[1] Veamos.

---

[1] En específico, se concluyó que, en lo relacionado a la queja AB-2018-0249 (CP-2020-0013), la Lcda. Lillian Annette Ramos Bahamundi incurrió en violación de los Cánones 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, *infra*. Por otro lado, en cuanto a la queja AB-2019-0014 (CP-2020-0017), se determinó que la referida letrada incurrió en conducta contraria a lo dispuesto en los Cánones 9, 12, 18 y 19 del mencionado Código.

I.

A.

La Lcda. Lillian Annette Ramos Bahamundi (en adelante, "licenciada Ramos Bahamundi") fue admitida al ejercicio de la abogacía el 19 de septiembre de 1990, y al ejercicio de la notaría el 7 de mayo de 1991.

Allá para el 2 de octubre de 2018, la Sra. Luz C. Ramos Santos (en adelante, "señora Ramos Santos") presentó ante este Tribunal una *Queja* en contra de la licenciada Ramos Bahamundi.[2] En ésta, explicó que, el 8 de mayo de 2017, contrató los servicios profesionales de la referida letrada para que ésta la representara en una demanda en daños y perjuicios en contra de la compañía Albertis, Inc., h/n/c Boom Solutions y/o Boom Security Life Dealer Network y/o Best Alarms (en adelante, "Boom Solutions").[3] Para dicho trámite, la señora Ramos Santos adujo haberle pagado a la licenciada Ramos Bahamundi la cantidad de $3,983.33 por concepto de honorarios de abogado, y $90.00 adicionales por el sello de presentación de la demanda.[4] Sin embargo, y no empece a haber recibido la mencionada suma de dinero, la referida letrada, con quien a la señora Ramos Santos se le

---

[2] AB-2018-0249 (CP-2020-0013).

[3] Cabe señalar que, en marzo de 2017, la licenciada Ramos Bahamundi representó a la señora Ramos Santos en un procedimiento en contra de Boom Solutions, -- bajo la Querella Núm. CA0007363 --, ante el Departamento de Asuntos del Consumidor, en el cual la señora Ramos Santos prevaleció. Dicho procedimiento estaba relacionado con la instalación de cámaras de seguridad, internet y cable en la residencia de esta última, a lo cual la mencionada compañía se comprometió, pero que, aunque cobró por ello, no completó.

[4] Los honorarios acordados fueron $4,000.00. Sin embargo, cuando la señora Ramos Santos emitió el último pago, aún restaban $16.67 por pagar, pero la referida letrada le condonó dicha cantidad.

hacía difícil comunicarse, nunca presentó la demanda en cuestión, aunque le hizo creer que sí la había presentado.

Enterada de lo anterior, -- y luego de concederle un término final a ésta para que presentara su contestación a la queja --, el 2 de noviembre de 2018 la licenciada Ramos Bahamundi compareció ante nos e indicó que no presentó la demanda de la señora Ramos Santos ante el Tribunal de Primera Instancia por entender que la misma, en esencia, no tenía méritos. En específico, la referida letrada alegó que mensualmente se reunía con la señora Ramos Santos y le solicitaba evidencia que justificase la reclamación en daños y perjuicios que pretendía instar, pero que nunca obtuvo ésta.

Asimismo, la licenciada Ramos Bahamundi adujo que, desde que la señora Ramos Santos, -- con quien alegó tenía buena comunicación --, contrató sus servicios profesionales para la presentación de la mencionada demanda, siempre le indicó a ésta que su caso parecía no tener méritos. Por último, la referida letrada sostuvo que, oportunamente, le notificó a la señora Ramos Santos que no iba a presentar la demanda a la que hemos hecho referencia, razón por la cual le devolvería lo pagado en concepto de honorarios de abogado.

Así las cosas, habiéndose referido este asunto a la Oficina del Procurador General para la investigación de rigor, el 8 de julio de 2019 la referida dependencia gubernamental presentó su correspondiente *Informe*. En éste,

-- luego de evaluar la prueba testifical y documental ante su consideración --, concluyó que la licenciada Ramos Bahamundi incurrió en conducta contraria a los Cánones 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, *infra*.

En particular, y en lo pertinente al procedimiento disciplinario ante nos, el Procurador General sostuvo lo siguiente: (1) que la referida letrada se percató, luego de haber recibido casi $4,000.00 en honorarios y $90.00 por el sello de presentación, que el caso de la señora Ramos Santos no tenía méritos, pero que esperó más de un año para notificarle a esta última que no presentaría su demanda y para devolverle los honorarios pagados, lo cual, según confirmó la señora Ramos Santos, hizo en octubre de 2018; (2) que la licenciada Ramos Bahamundi evadía las solicitudes de información de la señora Ramos Santos y le hizo creer que había presentado la demanda ante el foro primario; (3) que la referida letrada debió comunicarse con la señora Ramos Santos para solicitarle evidencia que sustentara la demanda o renunciar a su representación legal y devolverle los honorarios pagados y el expediente; y (4) que a la fecha del *Informe*, la licenciada Ramos Bahamundi no había devuelto lo pagado por la señora Ramos Santos para el sello de presentación de la demanda ni el expediente legal.

Evaluado el *Informe del Procurador General*, y tras la referida letrada tener la oportunidad de expresarse sobre el mismo, el 25 de octubre de 2019 emitimos una *Resolución*

mediante la cual le ordenamos a la Oficina del Procurador General presentar la correspondiente querella.

Cumpliendo con lo ordenado, el 26 de agosto de 2020 la Oficina del Procurador General presentó la primera *Querella* aquí en consideración. En ésta, formuló los siguientes cargos en contra de la licenciada Ramos Bahamundi:

### Cargo I

La Lcda. Lillian A. Ramos Bahamundi infringió los preceptos del Canon 18 de Ética Profesional, 4 LPRA Ap. IX, C. 18, el cual dispone que será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. Establece, además, que es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica estima adecuada y responsable.

La Querellada no fue diligente ni rindió una labor idónea y competente cuando, luego de que le fueron pagados los honorarios de abogado acordados, decidió no presentar la demanda en el Tribunal de Primera Instancia, tras percatarse de que el caso era débil. No obstante, le hizo creer a la Querellante que lo había presentado.

### Cargo II

La Lcda. Lillian A. Ramos Bahamundi infringió los preceptos del Canon 19 de Ética Profesional, 4 LPRA Ap. IX, C. 19, el cual dispone que el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

La Querellada violó el Canon 19 al no bridarle información a la Querellante cuando le era solicitada y al evadir informarle el estado real del caso. Asimismo, esperó más de un año para notificarle que su caso no tenía méritos y que no presentaría la demanda.

**Cargo III y IV**

La Lcda. Lillian A. Ramos Bahamundi infringió los preceptos de los Cánones 20 y 23 de Ética Profesional, 4 LPRA Ap. IX, C. 20 y 23[,] los cuales disponen, en lo pertinente, que al ser efectiva su renuncia, el abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado. Además, el abogado debe dar pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.

Por último, este Ilustre Foro ha establecido que un abogado incumple con el Canon 20, si no renuncia a la representación legal cuando el cliente no coopera con este en la tramitación de su caso.

La Querellada violó los Cánones 20 y 23, al no devolverle el expediente a la Querellante de forma inmediata cuando le fue requerido. [5] Igualmente, la Querellada tardó más de un año en devolver los honorarios pagados, a pesar de saber que no presentaría la demanda. Incluso, los devolvió luego de que la Querellante presentó la Queja. Empero, no devolvió los $90.00 que pagó la Querellante en sellos para la presentación de la demanda. Asimismo, la Querellada, a pesar de saber que no presentaría la demanda, no renunció al caso.

**Cargo V**

La Lcda. Lillian A. Ramos Bahamundi infringió los preceptos del Canon 35 de Ética Profesional, 4 LPRA Ap. IX, C. 35, el cual dispone que la conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.

La Querellada no fue sincera y honesta con la Querellante, al no informarle el estatus real del caso y al hacerle creer que el caso estaba activo y que había presentado la demanda, sabiendo que no la presentaría.

_____

[5] A la fecha de la presentación de la *Querella*, el expediente aún no había sido devuelto.

**Cargo VI**

La Lcda. Lillian A. Ramos Bahamundi infringió los preceptos del Canon 38 de Ética Profesional, 4 LPRA Ap. IX, C. 38, el cual dispone que el abogado debe esforzarse al máximo en exaltar el honor y la dignidad de su profesión, aunque el hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta impropia.

La conducta desplegada por la Querellada -al no presentar el caso ante el Tribunal de Primera Instancia, al no informarle que no presentaría la demanda a la Querellante, al no entregarle el expediente a la Querellante, al no devolverle los honorarios tan pronto determinó que no presentaría el caso, al no devolverle los $90.00 que le pagó en sellos de presentación, al hacerle creer que el caso se había presentado y al no renunciar oportunamente al caso- no exaltó el honor y la dignidad de la profesión.

Notificada la *Querella* en su contra, la licenciada Ramos Bahamundi no presentó contestación a ésta. Ante ello, el 19 de julio de 2022 emitimos una *Resolución* concediéndole a la referida letrada un término final de diez (10) días para que compareciera. Expirado dicho término, y aún sin recibir contestación por parte de la licenciada Ramos Bahamundi, el 13 de octubre de 2022 emitimos otra *Resolución* concediéndole a la referida letrada un término final de quince (15) días, para que así lo hiciera.

En cumplimiento con dicha orden, el 7 de noviembre de 2022 compareció ante nos la licenciada Ramos Bahamundi mediante una *Moción en cumplimiento de Resolución*. En esencia, en ésta, la referida letrada, en extrema síntesis, reiteró sus alegaciones en cuanto a que no presentó la demanda de la señora Ramos Santos debido a que le parecía

que la misma carecía de méritos, por no contar con suficiente evidencia que sustentara ciertas alegaciones que se pretendían incluir en la misma.

Así pues, tras examinar la *Querella*, y la contestación a ésta presentada por la licenciada Ramos Bahamundi, el 16 de noviembre de 2023 emitimos una *Resolución* mediante la cual designamos a la Hon. Eloína Torres Cancel, ex jueza del Tribunal de Primera Instancia, como Comisionada Especial (en adelante, "Comisionada Especial Torres Cancel") en este asunto. Ésta tendría la responsabilidad de recibir la prueba relacionada a este proceso disciplinario, evaluar la misma, hacer las determinaciones de hecho y conclusiones de derecho de rigor, así como emitir el correspondiente informe a este Tribunal.

Finalizada su tarea, el 13 de septiembre de 2024 la Comisionada Especial Torres Cancel presentó ante este Alto Foro el *Informe de la Comisionada Especial al Honorable Tribunal Supremo*. En éste, concluyó que, en el presente proceso disciplinario, en efecto, se logró establecer con prueba clara, robusta y convincente que la licenciada Ramos Bahamundi infringió los Cánones 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, *infra*.

De igual forma, la Comisionada Especial Torres Cancel nos señaló, -- para que lo tomásemos en consideración al momento de determinar la sanción correspondiente --, lo siguiente: (1) que la referida letrada no sometió evidencia alguna sobre su reputación; **(2) que la licenciada Ramos**

**Bahamundi fue disciplinada anteriormente, siendo suspendida del ejercicio de la abogacía por un término de dos (2) años;**[6] (3) que de la prueba admitida no surge que hubiese mediado ánimo de lucro por parte de la referida letrada y que el dinero recibido había sido devuelto en su totalidad; (4) que la conducta de la licenciada Ramos Bahamundi provocó un perjuicio a la señora Ramos Santos al no poder reclamar a Boom Solutions los daños y perjuicios presuntamente sufridos; (5) que la señora Ramos Santos no fue resarcida por la referida letrada; (6) que la licenciada Ramos Bahamundi mostró arrepentimiento y admitió que pudo haber sido más diligente en notificar a la señora Ramos Santos que no radicaría la demanda peticionada por esta última y se disculpó con ésta y con el Tribunal; (7) que la referida letrada indicó que el ejercicio de la abogacía es el único oficio que sabe realizar y su único medio de vida; y (8) que la licenciada Ramos Bahamundi lleva más de veintinueve (29) años ejerciendo la profesión.

## B.

Ahora bien, mientras la Oficina del Procurador General llevaba a cabo la investigación asociada a la mencionada queja, -- a saber, la queja AB-2018-0249 --, el 22 de enero de 2019 la Sra. Abigail Rodríguez Torres (en adelante, "señora Rodríguez Torres") presentó, por separado, una *Queja*

---

[6] **La mencionada letrada fue suspendida del ejercicio de la abogacía y de la notaría por no responder a requerimientos del Procurador General e incumplir con órdenes de este Tribunal. Véase, In re *Ramos Bahamundi*, 161 DPR 297 (2004).**

en contra de la licenciada Ramos Bahamundi.[7] En ésta, explicó que, para el año 2016, la referida letrada la representó en la causa *Abigail Rodríguez Torres v. Banco Popular de Puerto Rico, Civil Núm. E DP2017-0166*. Al respecto, indicó que, el 6 de diciembre de 2018, la licenciada Ramos Bahamundi le comunicó que solicitaría el desistimiento sin perjuicio de dicho caso, debido a que no estaba lista para atenderlo, presuntamente desconocía las leyes federales que la parte contraria había mencionado en su contestación a la demanda y no se sentía cómoda con la materia del caso, entre otras razones.[8]

Asimismo, la señora Rodríguez Torres adujo que, desde la contratación de la referida letrada, y luego de pagarle un adelanto de $1,000.00 por sus servicios, no tuvo comunicación con ésta hasta el 19 de enero de 2017, cuando visitó su oficina legal. De igual forma, alegó que, a pesar de llevar a cabo gestiones para obtener información de su caso, transcurrieron diez (10) meses desde dicha contratación hasta que se presentó la mencionada demanda.[9] También sostuvo que, al contratar nueva representación legal, advino en conocimiento de que la licenciada Ramos

---

[7] AB-2019-0014 (CP-2020-0017).

[8] Es menester señalar que, según la señora Rodríguez Torres, dicha demanda se presentó luego de que, el 16 de agosto de 2016, ésta acudiera a la oficina de la referida letrada para que le orientara sobre determinada actuación del Banco Popular de Puerto Rico que afectó su crédito, y esta última le recomendara la presentación de una demanda por existir una causa de acción en contra del mencionado banco.

[9] Según la señora Rodríguez Torres, la licenciada Ramos Bahamundi le indicó que la demanda fue presentada el 5 de mayo de 2017. Sin embargo, expresó que la misma, realmente, se presentó el 7 de junio de 2017.

Bahamundi incumplió con órdenes del Tribunal de Primera Instancia en el caso civil en cuestión.

De otra parte, y como un asunto separado al antes señalado, la señora Rodríguez Torres expresó que, el 10 de marzo de 2018, no se pudo otorgar cierta escritura de compraventa, -- en la cual ésta comparecería mediante poder en representación de su hija --, por razón de que la referida letrada, en su función como notario, no presentó determinada escritura de cancelación de pagaré hipotecario, que fue autorizada por esta última.[10] Ello, luego de que se le pagaran $314.00 para dicho trámite.

Notificada la queja presentada en su contra, y luego de concederle dos oportunidades para que reaccionara a la misma, la licenciada Ramos Bahamundi no compareció. Así pues, sin contar con la comparecencia de la referida letrada, el asunto se refirió a la Oficina del Procurador General para la investigación de rigor, y el 26 de diciembre de 2019 dicha dependencia gubernamental presentó su *Informe del Procurador General*. En éste, la Oficina del Procurador General concluyó que la licenciada Ramos Bahamundi violó los Cánones 9, 12, 18 y 19 del Código de Ética Profesional, *infra*.[11]

---

[10] A saber, la Escritura Núm. 15 de Cancelación de Pagaré Hipotecario otorgada el 7 de abril de 2014.

[11] Cabe mencionar que, por la violación a los Cánones 9 y 12, el Procurador General recomendó la suspensión indefinida de la referida letrada. En cuanto a la violación a los Cánones 18 y 19, éste recomendó que se iniciara un procedimiento disciplinario en contra de la licenciada Ramos Bahamundi.

En particular, el Procurador General sostuvo lo siguiente: (1) que la licenciada Ramos Bahamundi nunca reaccionó a la solicitud de desestimación que presentó la parte demandada en el caso *Abigail Rodríguez Torres v. Banco Popular de Puerto Rico, Civil Núm. E DP2017-0166*, en la que, entre otros asuntos, se adujo que la demanda estaba prescrita; (2) que la referida letrada incumplió con dos órdenes emitidas por el foro primario, -- notificadas el 5 de marzo de 2018 y el 3 de mayo de 2018 --, en las cuales le requería a ésta que se expresara sobre la mencionada defensa de prescripción; (3) que la licenciada Ramos Bahamundi no contestó las comunicaciones de este Tribunal ni la comunicación de la Oficina del Procurador General; (4) que, a pesar de haber recibido en el 2014 el pago para ello, la referida letrada presentó tardíamente, -- en el 2018 --, la mencionada escritura sobre cancelación de pagaré hipotecario ante el Registro de la Propiedad; y (5) que de los documentos presentados surge que hubo falta de comunicación efectiva de parte de la licenciada Ramos Bahamundi hacia la señora Rodríguez Torres sobre su caso.

Evaluado el mencionado *Informe*, -- y tras la incomparecencia de la referida letrada luego de concederle la oportunidad de expresarse sobre el mismo --, el 6 de marzo de 2020 ordenamos a la Oficina del Procurador General presentar la correspondiente querella. Conforme lo ordenado, el 16 de noviembre de 2020 la *Querella* en cuestión fue presentada. En ésta, la referida dependencia gubernamental

formuló los siguientes cargos en contra de la licenciada

Ramos Bahamundi:

### Cargo I y II

La Lcda. Lillian A. Ramos Bahamundi violó los Cánones 9 y 12, al incumplir los requerimientos de este Tribunal y el requerimiento cursado por la Oficina del Procurador General dentro del procedimiento disciplinario de la queja AB-2019-0014. Ello retrasó injustificadamente el trámite de dicho asunto. A su vez, la licenciada violó dichos Cánones durante el trámite del caso E DP2017-0166, al desatender las órdenes emitidas por el [t]ribunal el 5 de marzo de 2018 y 3 de mayo de 2018.

### Cargo III

La licenciada Ramos Bahamundi incurrió en conducta contraria al precepto ético antes descrito[, a saber, el Canon 18], al nunca reaccionar a la solicitud de desestimación que presentó la parte demandada en el caso núm. E DP2017-0166, en la que, entre otros asuntos, se adujo que la demanda estaba prescrita, y nunca atender las órdenes del [t]ribunal notificadas el 5 de marzo de 2018 y el 3 de mayo de 2018. Además, la licenciada no fue diligente en el ejercicio de la gestión notarial, al tardar injustificadamente más de cuatro (4) años en presentar para su inscripción en el Registro de la Propiedad (27 de diciembre de 2018) la Escritura Núm. 15 de Cancelación de Pagaré Hipotecario otorgada el 7 de abril de 2014.

### Cargo IV

La licenciada Ramos Bahamundi violó el Canon 19 al no mantener a su cliente debidamente informada del caso E DP2017-0166.

Habiéndole dado a la licenciada Ramos Bahamundi múltiples oportunidades y amplio tiempo para que contestara la querella presentada en su contra, y sin que ésta compareciera, el 16 de noviembre de 2023 emitimos una *Resolución* mediante la cual designamos a la Comisionada

Especial Torres Cancel, -- a quien ya habíamos designado para que investigara la otra querella en contra de la referida letrada --, para que llevara a cabo la investigación de rigor y emitiera el correspondiente informe a este Tribunal.[12]

Luego de un extenso trámite procesal, el 27 de septiembre de 2024 la Comisionada Especial Torres Cancel presentó su segundo *Informe de la Comisionada Especial al Honorable Tribunal Supremo*. En dicho escrito, concluyó que, en efecto, todos los cargos imputados en contra de la licenciada Ramos Bahamundi, -- entiéndase, violación a los Cánones 9, 12, 18 y 19 del Código de Ética Profesional, *infra* --, fueron probados con prueba clara, robusta y convincente.

Ahora bien, la Comisionada Especial nos solicitó que, al momento de determinar la sanción correspondiente, tomásemos en consideración lo siguiente: (1) que la referida letrada sometió trece (13) declaraciones juradas conforme las cuales ésta goza de una reputación de tener buen carácter ético y moral; **(2) que la licenciada Ramos Bahamundi fue**

---

[12] La letrada no contestó la *Querella* en su contra a pesar de lo siguiente: (1) que el 8 de diciembre de 2020 emitimos el *Mandamiento para contestar querella sobre conducta profesional*, mediante el cual le ordenamos contestar la *Querella* dentro del término de quince (15) días; (2) que el 1 de septiembre de 2021, emitimos una *Resolución* concediéndole a ésta un término adicional de diez (10) días para dicho trámite; (3) que el 13 de octubre de 2022, emitimos una *Resolución*, notificada personalmente, otorgándole un término de quince (15) días para contestar; (4) que el 7 de noviembre de 2022, la licenciada Ramos Bahamundi compareció ante nos mediante una *Moción en cumplimiento de resolución*, en la que solicitó un término final de quince (15) días para presentar su contestación, lo cual concedimos mediante *Resolución* emitida el 22 de noviembre de 2022; y (5) que el 14 de diciembre de 2022, la referida letrada presentó ante nos un escrito intitulado *Contestación a querella*, mediante el cual solicitó un término adicional para cumplir con lo ordenado en cuanto a su contestación.

**suspendida del ejercicio de la abogacía anteriormente por el término de dos años;**[13] (3) que de la prueba admitida no surge que en la referida letrada haya mediado ánimo de lucro y que el dinero recibido fue devuelto previo a la presentación de la queja; (4) que al testificar en determinada vista llevada a cabo como parte del proceso disciplinario que tenemos ante nos, la licenciada Ramos Bahamundi fue frívola al alegar que no contestó la queja por entender que la señora Rodríguez Torres iba a desistir de la misma, y al alegar que se sintió presionada a asumir la representación legal de ésta en el caso *Abigail Rodríguez Torres v. Banco Popular de Puerto Rico, Civil Núm. E DP2017-0166;* y (5) que, conforme la prueba admitida, la conducta de la referida letrada no provocó un perjuicio mayor a la señora Rodríguez Torres, pues posteriormente esta última realizó una transacción judicial con el mencionado banco y, en cuanto a la escritura, pudo completar el negocio jurídico.

C.

Así las cosas, tras evaluar ambos informes emitidos por la Comisionada Especial, y las reacciones a cada uno de éstos presentadas por la licenciada Ramos Bahamundi, procedemos, pues, a consolidar los mencionados procesos disciplinarios y a disponer de éstos en conjunto.

---

[13] Como mencionamos anteriormente, la licenciada Ramos Bahamundi fue suspendida del ejercicio de la abogacía y de la notaría por no responder a requerimientos del Procurador General e incumplir con órdenes de este Tribunal. Véase, *In re Ramos Bahamundi*, 161 DPR 297 (2004).

II.

A.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX., es el cuerpo legal que recoge las normas de conducta que rigen las actuaciones de los miembros de la profesión legal en nuestro País. *In re Arzola Méndez*, 212 DPR 235, 239 (2023); *In re Bauzá Tirado*, 211 DPR 633, 635 (2023); *In re González Soto*, 211 DPR 621, 628 (2023). A través de este conjunto de normas, se busca promover el desempeño personal y profesional de los abogados y las abogadas admitidos y admitidas al ejercicio de la abogacía en nuestra jurisdicción, de acuerdo con los más altos principios de conducta decorosa; lo que, a su vez, redunda en beneficio de la profesión legal, la ciudadanía y las instituciones de justicia. *In re Navedo Dávila*, 203 DPR 300, 306 (2019); *In re Cruz Liciaga*, 198 DPR 828, 834 (2017); *In re Franco Rivera*, 197 DPR 628, 634 (2017).

A tono con lo anterior, en reiteradas ocasiones, este Tribunal ha señalado que el incumplimiento con las antedichas normas de conducta puede acarrear la imposición de serias sanciones disciplinarias. *In re González Soto*, *supra; In re Rodríguez Lugo*, 201 DPR 729, 736 (2019); *In re Cruz Liciaga*, *supra*, pág. 835. Entre estas sanciones se encuentra, claro está, la suspensión del ejercicio de la abogacía y de la notaría.

B.

Dicho ello, y ya más en lo relacionado a los asuntos ante nuestra consideración, el **Canon 9** del Código de Ética Profesional, 4 LPRA Ap. IX, C.9, es el que exige que todo abogado o abogada observe para con los tribunales una conducta que se caracterice por el mayor respeto. *In re Cay Espinosa*, 213 DPR 813, 816-817 (2024); *In re Sánchez Rivoleda*, 213 DPR 765, 775 (2024); *In re Pastrana Silva*, 195 DPR 366, 369 (2016). Un letrado o una letrada que no cumple con las órdenes de este Tribunal, o con las órdenes de cualquier foro ante el que se encuentre obligado u obligada a comparecer, demuestra menosprecio a nuestra autoridad y, por tanto, infringe lo dispuesto en el referido canon. *In re Lajara Radinson*, 207 DPR 854, 863 (2021); *In re Irizarry Irizarry,* 190 DPR 368, 374 (2014); *In re Massanet Rodríguez,* 188 DPR 116, 124 (2013). En esa dirección, desatender "las órdenes emitidas en el curso de un proceso disciplinario despliega una conducta desobediente, apática e irrespetuosa que se aparta de los más altos postulados éticos que rigen la profesión legal". *In re Sánchez Pérez*, 210 DPR 235, 261-262 (2022).

El **Canon 12** del Código de Ética Profesional, 4 LPRA Ap. IX, C.12, por su parte, establece que es deber del abogado o la abogada el ser puntuales y exactos en el trámite y presentación de las causas. Lo anterior implica que, el letrado o la letrada, en el manejo de determinado caso, despliegue todas las diligencias necesarias para asegurar

que no se causen indebidas dilaciones en su tramitación y solución. *In re Torres Alvarado*, 212 DPR 477, 486 (2023); *In re Aponte Morales*, 211 DPR 171, 186 (2023); *In re Rodríguez Lugo*, *supra*, pág. 737. Constituye una violación al Canon 12, *supra*, el que un abogado o una abogada no responda a las órdenes de este Tribunal ni comparezca, en tiempo, a responder a una queja presentada en su contra. *In re Massanet Rodríguez*, *supra*, págs. 125-126; *In re Rodríguez Bigas*, 172 DPR 345, 347 (2007); *In re Moreno Franco*, 166 DPR 787, 793-794 (2006).

El **Canon 18** del Código de Ética Profesional, 4 LPRA Ap. IX, C.18, como sabemos, es el que establece que el letrado o la letrada debe defender los intereses de su cliente desplegando siempre la mayor diligencia y su más profundo saber y habilidad. *In re Nazario Díaz*, 195 DPR 623, 636 (2016); *In re Cotto Luna*, 187 DPR 584, 589 (2012); *In re Pietri Castellón*, 185 DPR 982, 991 (2012). Cuando un abogado o una abogada acepta la encomienda de representar a una persona y no la ejecuta de forma adecuada y responsablemente, infringe lo dispuesto en el precitado canon. *In re Nazario Díaz, supra; In re López Santiago,* 199 DPR 797, 811 (2018); *In re Pujol Thompson*, 171 DPR 683, 698 (2007). Y es que no puede ser de otra manera, pues cualquier acto de un letrado o una letrada que demuestre desidia, despreocupación, indiferencia, displicencia o inacción, es incompatible con la profesión, y consecuentemente se considera una violación ética. *In re Carrasquillo Bermúdez*,

203 DPR 847, 861 (2020); *In re López Santiago, supra*; *In re Díaz Nieves et als.,* 189 DPR 1000, 1012 (2013).

El **Canon 19** del Código de Ética Profesional, 4 LPRA Ap. IX, C.19, dentro del ordenamiento deontológico bajo estudio, es el que exige que un abogado o una abogada, en todo momento, mantenga informado a su cliente de los trámites relacionados al litigio en que le representa. *In re Crespo Pendás,* 211 DPR 510, 517 (2023); *In re Lajara Radinson, supra*, págs. 864-865; *In re Nieves Nieves*, 181 DPR 25, 39 (2011). En ese sentido, se incumple con el referido canon cuando el letrado o la letrada no mantiene informado a su cliente de la situación procesal del caso, no le informa de un resultado adverso en la gestión encomendada, se torna inaccesible o no atiende los reclamos de información de su cliente. *In re Lajara Radinson, supra*, pág. 865; *In re Rivera Rodríguez*, 202 DPR 1026, 1048 (2019); *In re Nazario Díaz, supra*, pág. 638.

El **Canon 20** del Código de Ética Profesional, 4 LPRA Ap. IX, C.20, por otro lado, establece el proceso que se debe seguir para renunciar a la representación legal de un cliente. *In re Ocasio Bravo*, 209 DPR 1043, 1054-1055 (2022); *In re Nazario Díaz, supra*, pág. 639; *In re Ramos Hernández*, 183 DPR 647, 655 (2011). En el pasado, e interpretando este canon, hemos sentenciado que cuando un cliente no coopera con su representante legal en la tramitación de su caso, "el abogado [o la abogada] debe renunciar a su representación legal existente". *In re Nazario Díaz, supra*.

Ahora bien, luego de que un letrado o una letrada solicite dicha renuncia, y ésta sea aprobada por el tribunal, surge una obligación de entregarle a su cliente el expediente y todo documento relacionado con el caso. *In re Ocasio Bravo*, *supra*, pág. 1055; *In re Hernández López*, 197 DPR 340, 350 (2017); *In re Suárez Jiménez*, 192 DPR 152, 161-162 (2014). Ello, pues, según hemos sentenciado en el pasado, un abogado o una abogada "no tiene un derecho de retención sobre el expediente de su cliente". *In re Ocasio Bravo*, *supra*. Asimismo, y en ese momento, el letrado o la letrada debe reembolsar a su cliente cualquier monto de dinero que éste le haya adelantado, en concepto de honorarios, por los servicios que aún no haya prestado. *In re Martí Rodríguez*, 194 DPR 467, 474 (2016); *In re Pestaña Segovia*, 192 DPR 485, 495 (2015); *In re Ríos Ríos*, 175 DPR 57, 72 (2008).

El **Canon 23** del Código de Ética Profesional, 4 LPRA Ap. IX, C. 23, guarda una estrecha relación con el Canon 20, *supra*, en cuanto a la devolución de fondos se refiere. Lo anterior, se debe a que el mismo establece que la naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. *In re Lajara Radinson*, *supra*; *In re Rivera Rodríguez*, *supra*, pág. 1049; *In re Vázquez O'Neill*, 121 DPR 623, 627 (1988). Así pues, y de conformidad con el precitado canon, el letrado o la letrada debe dar pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos

con sus propios bienes ni permitir que se mezclen. *In re González Díaz*, 201 DPR 145, 152 (2018); *In re Colón Hernández*, 189 DPR 275, 283-284 (2013); *In re Vázquez O'Neill*, *supra*.

En ese sentido, repetidamente hemos resuelto que la retención por parte de un abogado o una abogada de fondos pertenecientes a su cliente es una práctica altamente lesiva de la profesión legal que tiene el efecto de menoscabar la relación de honradez que debe existir entre éstos. *In re Lajara Radinson*, *supra*, págs. 865-866; *In re Rivera Rodríguez*, *supra*, pág. 1050; *In re González Díaz*, *supra*. El letrado o la letrada que incurra en dicha conducta infringe el mencionado canon. Es más, y según hemos sentenciado en el pasado, la mera dilación en la devolución de fondos es suficiente como para violentar la referida normativa deontológica. *In re Lajara Radinson*, *supra*, pág. 866; *In re González Díaz*, *supra*; *In re Colón Hernández*, *supra*, pág. 284.

El **Canon 35** del Código de Ética Profesional, 4 LPRA Ap. IX, C.35, recoge, por separado, el deber que tienen los abogados y las abogadas de comportarse de forma sincera y honrada en el ejercicio de la profesión legal. Se incumple con este canon cuando un letrado o una letrada falta a la verdad, independientemente de las razones que le motiven para ello. *In re Raffucci Caro*, 213 DPR 587, 602 (2024*); In re Vázquez Pardo*, 185 DPR 1031, 1043 (2012); *In re Iglesias García*, 183 DPR 572, 578 (2011). Ejemplo de lo anterior lo

es, cuando un abogado o una abogada le provee al tribunal información falsa, o que no se ajuste a la verdad, o cuando oculte información que deba ser revelada. *In re Jusino Torres*, 210 DPR 919, 933 (2022); *In re Valentín Custodio*, 187 DPR 529, 547 (2012); *In re Nieves Nieves*, *supra*, pág. 41.

Por último, el **Canon 38** del Código de Ética Profesional, 4 LPRA Ap. IX, C.38, es el que instituye el deber de todo letrado o letrada de exaltar el honor y la dignidad de la profesión legal. Al amparo del mismo, este Tribunal ha expresado que, debido a que los abogados y las abogadas son el espejo donde se refleja la imagen de la profesión, éstos y éstas deben actuar con el más escrupuloso sentido de responsabilidad, teniendo siempre presente la función social que ejercen. *In re Stacholy Ramos*, 207 DPR 521, 531 (2021); *In re Ramos Sáenz*, 205 DPR 1089, 1102 (2020); *In re Reyes Coreano*, 190 DPR 739, 757 (2014). Así pues, los letrados y las letradas "deben evitar, incluso, la mera apariencia de impropiedad ya que ésta puede ser perjudicial a la confianza en las instituciones de justicia y en los miembros de la profesión legal". *In re Santos Negrón*, 212 DPR 965, 977 (2023). Véase, *In re Suárez Marchán*, 159 DPR 724, 745 (2003).

III.

Dicho lo anterior, y ya para finalizar, en reiteradas ocasiones este Tribunal ha señalado que, al momento de determinar la sanción disciplinaria a imponerle al abogado

o abogada por una conducta que constituya una infracción a los Cánones de Ética Profesional, *supra*, se deben tener presentes los siguientes factores: (1) la reputación del letrado o de la letrada en la comunidad, **(2) su historial disciplinario**, (3) si la conducta es una aislada, (4) si medió ánimo de lucro, (5) si presentó una defensa frívola de su conducta, (6) si ocasionó perjuicio a alguna parte, (7) si resarció al cliente, (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fue imputada, y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re Raffucci Caro*, *supra*, pág. 606; *In re Lajara Radinson*, *supra*; *In re Roldán González*, 195 DPR 414, 425 (2016).

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer de los procesos disciplinarios que nos ocupan.

IV.

Como mencionamos anteriormente, los presentes procesos disciplinarios fueron referidos ante la Comisionada Especial Torres Cancel, quien tuvo la oportunidad de examinar cuidadosa y detenidamente la prueba presentada, y de hacer sus correspondientes determinaciones de hechos y conclusiones de derecho. En cuanto a la *Queja* presentada por la señora Ramos Santos, en su primer *Informe* a este Tribunal, la Comisionada Especial concluyó que, con su conducta, la licenciada Ramos Bahamundi infringió los Cánones 18, 19, 20, 23, 35 y 38 del Código de Ética Profesional, *supra*. A su

vez, en su segundo *Informe* a este Alto Foro, respecto a la *Queja* presentada por la señora Rodríguez Torres, concluyó que la referida letrada incurrió en violación de los Cánones 9, 12, 18 y 19 de dicho ordenamiento deontológico. Coincidimos.

Y es que, en la primera de las mencionadas querellas, y según surge del primer *Informe* presentado por la Comisionada Especial a este Tribunal, ha quedado completamente demostrado lo siguiente: (1) que la señora Ramos Santos proveyó a la licenciada Ramos Bahamundi las certificaciones médicas requeridas para sustentar la demanda de daños y perjuicios en contra de Boom Solutions; (2) que la referida letrada, luego de que le fueron pagados los honorarios de abogado acordados, decidió no presentar dicha demanda; (3) que la licenciada Ramos Bahamundi no respondió a múltiples solicitudes de información de la señora Ramos Santos, proveía a ésta respuestas confusas o evasivas que dieron la impresión de que la demanda había sido presentada y que, además, esperó más de un año para notificarle que no presentaría su caso, debido a que éste, presuntamente, no tenía méritos; (4) que la referida letrada, a pesar de conocer que no presentaría la demanda, no notificó oportunamente a la señora Ramos Santos que no la representaría ni presentó su renuncia; (5) que la licenciada Ramos Bahamundi no devolvió el expediente a la señora Ramos Santos y que se tardó más de un año en devolver a esta última el dinero recibido por concepto de honorarios y por el sello

de presentación; (6) que la referida letrada no fue sincera con la señora Ramos Santos en cuanto al estatus real de su caso; y (7) que, con sus actuaciones, la licenciada Ramos Bahamundi demostró un pobre desempeño de la profesión legal.

Por otro lado, y en cuanto a la segunda querella presentada en contra de la referida letrada, en el segundo *Informe* que la Comisionada Especial Torres Cancel presentó ante este Alto Foro, quedó claramente establecido que la licenciada Ramos Bahamundi, sin justificación alguna, incumplió: (1) con las órdenes de este Tribunal y los requerimientos de la Oficina del Procurador General dentro de este procedimiento disciplinario y, (2) con las órdenes del Tribunal de Primera Instancia para que se expresara en cuanto a la solicitud de desestimación presentada por la parte demandada en la causa *Abigail Rodríguez Torres v. Banco Popular de Puerto Rico, Civil Núm. E DP2017-0166*, y con mantener informada a su cliente de lo que estaba sucediendo en ese caso, lo cual, en parte, motivó una de las quejas de epígrafe. Además, y en un asunto separado de lo anterior, también se demostró que la licenciada Ramos Bahamundi no fue diligente, al tardar más de cuatro (4) años en presentar para su inscripción en el Registro de la Propiedad, -- el 27 de diciembre de 2018 --, la Escritura Núm. 15 de Cancelación de Pagaré Hipotecario otorgada el 7 de abril de 2014.

V.

Así las cosas, en vista de que, sin lugar a dudas, la referida letrada incurrió en conducta contraria a los Cánones 9, 12, 18, 19, 20, 23, 35 y 38 de Ética Profesional, *supra*, y tomando en consideración los atenuantes y agravantes señalados por la Comisionada Especial Torres Cancel, procede, pues, su suspensión inmediata del ejercicio de la abogacía y de la notaría por un término de seis (6) meses.

En consecuencia, se le impone a la señora Ramos Bahamundi el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Asimismo, el Alguacil de este Tribunal procederá a incautar la obra notarial de la señora Ramos Bahamundi, incluyendo su sello notarial, y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente

cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese a la señora Ramos Bahamundi esta *Opinión Per Curiam* y *Sentencia*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re:*<br><br>Lillian Annette Ramos Bahamundi<br>(TS-9,635) | CP-2020-0013<br>CP-2020-0017 |  |

SENTENCIA

En San Juan, Puerto Rico, a 25 de abril de 2025.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, se suspende inmediatamente a la Lcda. Lillian Annette Ramos Bahamundi del ejercicio de la abogacía y de la notaría por un término de seis (6) meses.

En consecuencia, se le impone a la señora Ramos Bahamundi el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver los expedientes de los casos pendientes, así como cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Asimismo, el Alguacil de este Tribunal procederá a incautar la obra notarial de la señora Ramos Bahamundi, incluyendo su sello notarial, y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. A su vez, en virtud de la suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese a la señora Ramos Bahamundi esta *Opinión Per Curiam* y *Sentencia*.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                            Javier O. Sepúlveda Rodríguez
                            Secretario del Tribunal Supremo